## LEE v. FULSOM.

No. 3702. Opinion Filed January 12, 1915.

(145 Pac. 809.)

1. **ATTACHMENT — Dissolving Bond — Effect — Grounds for Attachment — Proof.** A dissolving bond given and approved as authorized by section 337, Mansf. Dig. of the Laws of Arkansas, in force in the Indian Territory, discharges the attachment and renders proof of the grounds laid in the attachment affidavit unnecessary.

2. **APPEAL AND ERROR — Landlord and Tenant — Landlord's Attachment—Verdict.** While under the laws of Arkansas, in force in the Indian Territory by congressional enactment, a landlord's attachment would not lie against one in possession

of real property, unless the relation of landlord and tenant between the parties was shown to exist, yet, where on the trial there is evidence fairly tending to prove such relationship, this court will not disturb a verdict returned in accordance therewith.

(Syllabus by Sharp, C.)

*Error from District Court, Stephens County;*

*F. M. Bailey, Judge.*

Action by Oslin Fulsom, by his next friend and guardian, G. W. Scantlin, against S. Lee. Judgment for plaintiff, and defendant brings error. Affirmed.

*Cruce, Cruce & Bleakmore* and *Gilbert, Riley & Bond,* for plaintiff in' error.

*J. ·B. Wilkinson,* for defendant in error.

Opinion by SHARP, C. October 14, 1907, Oslin Fulsom, by his next friend and guardian, G. W. Scantlin, b~~~ an attachment action against S. Lee, by filing his petition and affidavit for attachment in the United States Commissioner's Court for the Southern District of Indian Territory, at Comanche, in which it was set forth that defendant was indebted to plaintiff for rent, during the year 1907, of plaintiff's farm; that defendant had produced on said farm a crop of corn and cotton, which the plaintiff had a lien on for rent; and that defendant was about to remove said crop from said farm without paying rent—in fact, had already removed a portion thereof from said farm without plaintiff's consent. Sufficient property was attached under the order of attachment issued the same day, but was released and turned back to the defendant upon the giving of ' a dissolving bond. Upon the incoming of statehood the cause was transferred to the district court of Stephens county, where the defendant filed a general denial March 30, 1909, thereafter. Trial was had November 16, 1911, resulting in a ver-

dict for plaintiff. Judgment having been rendered in accordance with the verdict, and motion for new trial having been overruled, defendant appeals. The land for· which rent was sought to be recovered· was allotted to plaintiff February 27, 1906.

It is contended for plaintiff in error .that there was no evidence introduced at the trial showing the existence of the relation of landlord and tenant· between plaintiff and defendant, and therefore that the court should have instructed the· jury to return a verdict in behalf óf defendant. Section 4453 of Mansfield's Digest of the Laws of Arkansas, at the time in force in the Indian Territory by act of Congress, provided that every landlord should have a lien upon the crop grown upon the demised premises in any year for rent that should accrue for such year, and that such lien should continue for six months . from the time the rent became due and payable. Section 4459 of said statutes authorized such landlord to bring suit in a proper court and to have a writ of attachment issue for recovery of rent for the year, whether the rent be due or not, in the following cases: (1) When the tenant was about to remove the crop from the premises without paying the rent; (2) when he had .removed it or any portion thereof without the landlord's consent.

During the year for which the rent was sought to be recovered, one Brown was contesting the title of plaintiff to the land cultivated by the defendant, in which contest the plaintiff succeeded. The defendant admitted having agreed to pay the rent to whichever of the parties that succeeded in ·the contest proceedings.· It further appears from the testimony that the defendant procured the plaintiff to make certain improvements on the lands during the term of his occupancy. The foregoing acts, together with the other evidence introduced, while not furnishing strong proof of the relationship, were, we think, sufficient. The jury having, under the instructions of the court, determined the issue in favor of the plaintiff, and there being

evidence reasonably tending to support the verdict, it will not be disturbed in this court.

It is further urged that the court did not properly submit to the jury the issue arising out of the attachment affidavit. When the writ of attachment was served, the defendant gave a dissolving bond, as authorized by section 337 of Mansfield's Digest. The effect of this bond was to discharge the attachment without reference to the question of whether the attachment was, in the first instance, rightfully or wrongfully sued out. Upon the giving and approval of such bond, the defendant was concluded from controverting the grounds of attachment. *Ferguson v. Glidewell,* 48 Ark. 195, 2 S. W. 711; *Moffitt v. Garrett,* 23 Okla. 398, 100 Pac. 533, 32 L. R. A. (N. S.) 401, 138 Am. St. Rep. 818. The attachment, therefore, having been discharged, it could not thereafter be made an issue in the subsequent proceedings.

Finding no error in the record of the proceedings, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.