**SCOTT v. WAPLES-PAINTER CO. (BANK OF COMMERCE OF SULPHUR et al., Garn.shees.)**

No. 8852—Opinion Filed April 30, 1918.

Rehearing Denied Dec. 17, 1918.

(176 Pac. 754.)

1. **Attachment — Garnishment — Wrongful Garnishment — Damages — Statute.**

Under section 4855, Rev. Laws 1910, damages may be recovered for a wrongful attachment or garnishment only when the same has been discharged on motion prior to final judgment.

2. **Garnishment — Sufficiency of Defendant's Property — Discharge of Garnishment.**

Where a defendant in a garnishment proceeding has property in the county subject to execution sufficient to satisfy the demands of the plaintiff, a garnishment proceeding is not authorized, and when upon motion to discharge such is made to appear by the uncontroverted evidence, it is the duty of the court to discharge the garnishment.

3. **Same — Discharge — Evidence.**

Evidence examined, and it is held, that the judgment of the court in refusing to discharge the garnishment was error.

(Syllabus by Hooker, C.)

Error from County Court, Murray County; J. H. Casteel, Judge.

Suit by the Waples-Painter Company against William J. Scott, with garnishment upon the Bank of Commerce of Sulphur and the Oklahoma State Bank of Davis, with answer and cross-petition by defendant. Demurrer to paragraph and answer sustained, and judgment against defendant, and defendant brings error. Reversed and cause remanded for new trial.

Jno. A. McClure, for plaintiff in error.

Walter E. Latimer and Wm. G. Long, for defendant in error.

Opinion by HOOKER, C. The Waples-Painter Company filed a suit in the lower court to recover a judgment upon a promissory note made and delivered to it by the plaintiff in error, and after the institution of said action it filed bond and affidavit for garnishment against Scott, and caused garnishment summons to issue and to be served upon the Bank of Commerce of Sulphur and the Oklahoma State Bank of Davis. The affidavit in garnishment is as follows:

"W. E. Latimer, being duly sworn, says that he is atty & agent of the plaintiff in the above entitled cause; that the above named defendant William J. Scott is justly

and truly indebted to the said plaintiff in the sum of $329.71 with 6 per cent. int. from Aug. 18, 1915, over and above all off-sets; that he verily believes that Oklahoma State Bank of Davis, Okla. (a corporation), is indebted to and has property real and personal, in his possession and under his control belonging to the above named defendant William J. Scott; and that said defendant has no property liable to execution sufficient to satisfy plaintiff's demands and said indebtedness, the property herein mentioned, is to the best of the knowledge and belief of affiant not exempt by law from seizure and sale upon execution.

"Affiant makes this affidavit for plaintiff as it has no officer or agent in this county."

Thereafter the defendant moved to discharge the garnishment, alleging, substantially, that he was a resident of Murray county, and had property in said county subject to execution more than sufficient to pay the debt sued for in said action.

The motion to dissolve the garnishment was not verified, and the trial court heard the same on April 29, 1916, but before the garnishees or either of them had filed an answer as such.

The court refused to dissolve the garnishment, and the defendant below in due time filed an answer and cross-petition, the first paragraph of which was a general denial. The second paragraph by way of cross-petition sought to recover damages against the plaintiff below on account of a previous matter, but a demurrer thereto was properly sustained, and it is admitted here by plaintiff in error that the court was right in so doing. But the third paragraph sought to recover by way of cross-petition damages for unlawfully and wrongfully obtaining a garnishment process in this action. A demurrer was sustained to the second and third paragraphs of this answer, and defendant below declined to amend, and judgment was rendered upon the pleadings against the defendant below, and by agreement of the parties the issues between the plaintiff and answering garnishees were left untried, pending a decision of this court on this appeal.

Plaintiff in error contends that it was error to sustain a demurrer to the second paragraph of his answer, and to render judgment upon the pleadings against him. We think not.

Section 4855, Rev. Laws 1910, provides:

"* * * If the attachment or garnishment shall be discharged on motion prior to final judgment, the defendant may, * * * recover his damages, as in other cases for such wrongful attachment or garnishment."

Here the garnishment was not discharged,

hence the right to recover damages in this action did not exist. The paragraph of the answer pleading the same did not contain a proper defense or cause of action against the plaintiff below, and a demurrer thereto was properly sustained. That being true, the answer was only a general denial, unverified to the petition, stating a cause of action upon a promissory note. No issue was joined thereby, and the court properly rendered a judgment upon the pleadings against defendant below for the full amount of note, interest, and attorney fees.

It is further asserted that the trial court committed an error in not dissolving the garnishment issued here upon the motion filed by the defendant below.

This court, in Hockaday v. King et al., 31 Okla. 127, 120 Pac. 565, said:

"Before garnishment is authorized to be issued * * * plaintiff is required to file with the clerk * * * his affidavit, stating, among other things, * * * that such defendant has not property liable to execution sufficient to satisfy the plaintiff's demand, and that the indebtedness or property mentioned in such affidavit is to the best of the knowledge and belief of plaintiff not by law exempt from seizure or sale upon execution. * * *

"Proceedings in garnishment are statutory. Authority for the issuance of a garnishment order must be found in the statute. Where a defendant has property liable to execution sufficient to satisfy a plaintiff's demand, a garnishment is not authorized; and the issuance and enforcement of a garnishment in such instance would be in contravention of the statute. We think that the court has inherent power at all times to remedy the improvident issuance of its process and to protest against abuses thereof. Courts will not permit their process to be employed for improper and unauthorized purposes; and where a court's attention is called by a motion to the facts showing that the authority of the court to issue garnishment summons has been abused by the procurement thereof upon false statements, it is the duty of the court to render relief by dissolving such garnishment." (See authorities cited.)

In Cox Mfg. Co. v. August, 51 Kan. 59, 32 Pac. 636, it is held that the defendant in the main action, though he had assigned his property for the benefit of his creditors, could obtain a dissolution of the garnishment process and a discharge of the garnishee by moving the court for such an order upon the ground of the untruthfulness of the allegations in the affidavit, and establishing by testimony the averments of his motion.

Rood on Garnishment, § 284, says:

"The proper affidavit having been made and filed, and the garnishment summons issued and duly served, the case is in court; and, although the affidavit is not conclusive, either upon the defendant or the garnishee, yet, if for any reason the garnishment should be dismissed, as that the garnishee is not liable to garnishment within the state, or that the defendant has property liable to execution ·sufficient to satisfy any judgment that may be recovered against him, such facts must be proved by the party seeking the dismissal of the proceedings. They will not be presumed."

In the instant case the defendant below moved to dissolve the garnishment upon the ground that the reasons therefor stated in the affidavit were untrue. In support of his motion he introduced testimony which establishes that he had in Murray county, subject to execution, property more than sufficient not exempt with which to pay the obligation sued upon here. The trial court decided this question adverse to him, and we must hold that, under the evidence as presented, the action of the court was error.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.