## LEASURE v. HUGHES.

No. 8713—Opinion Filed Feb. 11, 1919.

(178 Pac. 696.)

(Syllabus.)

**1. Evidence—Parol Evidence—Written Contract.**

Where there are no allegations of fraud, mistake, or other ground entitling a party to avoid a written contract, parol evidence to vary the terms thereof is inadmissible.

**2. Principal and Agent—Agency—Question for Jury.**

Under the facts of this case, the question as to whether one B. was the agent of plaintiff was a question of fact, and should have been submitted to the jury.

**3. Same—Ratification—Acceptance of Benefits.**

One who accepts the benefits of an act done by one assuming to be his agent thereby ratifies his act, and takes it as his own, with all its burdens as well as its benefits.

#### 4. Sales — Fraudulent Representation — Knowledge.

In order for a false and fraudulent representation as to a material fact to be fraudulent, it is not necessary that such representation be known to be false by the person making same. It is sufficient that the representation be a positive statement about a material matter not warranted by any information possessed by the person making the same, or that he did not have reasonable grounds for believing such statement to be true, when the statement so made is not true, even though believed by the party making it.

#### 5. Same—Fraud.

When a seller misrepresents the quantity of the subject-matter of the sale, and he is in a position to know the quantity, or to form a reasonably accurate estimate thereof, and the purchaser is not in such position, and the seller falsely and fraudulently misrepresents the quantity, and such misrepresentation is relied upon by the purchaser, such misrepresentation amounts to fraud.

#### 6. Attachment — Wrongful Attachment — Damages.

When attachments wrongfully sued out have been dissolved, the defendant therein is entitled to recover as damages any reasonable and necessary expenses incurred in procuring the dissolution of said attachment, including reasonable attorney's fees, and all damages to the merchandise seized under the writs, and also any profits he might have made in conducting his business if his store had not been closed and the goods removed under the writs.

Error from District Court, Major County; James B. Cullison, Judge.

Action by H. W. Moyers against John Leasure. Judgment for plaintiff, and defendant brings error, and after plaintiff's death pending appeal the cause was revived in the name of J. O. Hughes as executor. Reversed and remanded, with instructions.

H. L. Adkins and Tom Willis, for plaintiff in error.

John J. Hughes and Chas. L. Moore, for defendant in error.

HARDY, C. J. H. W. Moyers commenced this action against John Leasure to recover an alleged balance due for the purchase price of a certain stock of merchandise, and recover judgment. After appeal was perfected to this court plaintiff died, and the cause was revived in the name of J. O. Hughes as executor of the last will and testament of said Moyers.

The contract by which Moyers sold the stock of goods to defendant was in writing, and the conveying clause is as follows:

"That for and in consideration of the stipulations, agreements and covenants hereinafter mentioned, party of the first part agrees to transfer, set over and assign to party of the second part, giving a clear bill of sale therefor, all of a certain stock of merchandise located in the Mathis building at Ames, Oklahoma. * * *"

At the trial, the court permitted plaintiff to prove that certain goods, wares, and merchandise referred to in the evidence as premium goods in the aggregate sum of $120 and a certain hollow wire lighting system of the value of $25 was reserved. There is no dispute that the premium goods were in the building and upon the shelves, and that the hollow wire lighting system was at the time of the sale also in the building. Both were removed after the sale and defendant claimed credit for the amount thereof. The evidence as to the reservation of these items clearly tended to vary the terms of the written contract, and as there was no allegation of fraud, mistake, or other ground that would entitle plaintiff to change or vary the terms of the written instrument, the evidence was clearly inadmissible. Section 942, Rev. Laws 1910; Miller Bros. v. McCall Co., 37 Okla. 634, 133 Pac. 183; German Stock Food Co. v. Miller, 39 Okla. 634, 136 Pac. 426; Coyle et al. v. A. V. & W. Ry. Co., 41 Okla. 648, 139 Pac. 294; Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577. Defendant was entitled to credit for the value of these goods and the lighting system, and it was error for the court to submit this issue to the jury.

Defendant sought to show that negotiations for the sale were carried on with one Ballard as the agent of plaintiff, and offered to prove certain representations made by Ballard as to the quantity and value of the stock of merchandise involved. Plaintiff denied that Ballard was his agent, and the court excluded the evidence upon the theory that if the representations were made and the contract entered into by Ballard without plaintiff's consent the representations of Ballard would not be binding upon plaintiff. There was evidence to show that plaintiff accompanied Ballard to see defendant, and that certain negotiations were had with Ballard in the presence of plaintiff which led up to the trade. When defendant went to Ames, Ballard showed him through the store, and procured one Joe Morrison to assure defendant what the stock would invoice. Defendant testified that Ballard was not representing him, and that he relied upon the representations made by plaintiff and by Ballard as to the value of said stock of mer-

chandise and the amount it would invoice. This testimony was excluded, the court expressing the opinion that there was no guaranty as to the stock of merchandise. Whether Ballard was the agent of plaintiff was a question of fact, and the evidence should have been submitted to the jury. Midland Savings & Loan Co. v. Sutton et al., 30 Okla. 448, 120 Pac. 1007; Emerson- Brantingham Imp. Co. v. Ritter, 69 Okla. 95, 170 Pac. 482; Brownell v. Moorehead, 65 Okla. 218, 165 Pac. 408.

There was sufficient testimony to warrant the jury in finding that Ballard was the agent of plaintiff; and if this were true, and the jury further found that he made the representations claimed by defendant, and that said representations were false, and that defendant relied thereon to his detriment, then the plaintiff would be bound thereby, because the plaintiff could not obtain any greater right from the acts of his agent than he would have obtained had he made the representations himself. This would be true whether Ballard was originally representing plaintiff or not. If plaintiff accepted the benefits obtained by Ballard's representations he would be bound by those representations, for he could not ratify the acts of his agent in so far as they were beneficial to him and repudiate any burdens that might flow therefrom. Langley v. Ford, 68 Okla. 83, 171 Pac. 471; J. I. Case Threshing Machine Co. v. Lyons & Co., 40 Okla. 356, 138 Pac. 167.

The court instructed the jury that if they found the defendant was induced to purchase said merchandise by reason of the false representations and statements of plaintiff that said stock of goods was in truth and in fact worth $4,500, and was in salable condition, and that if plaintiff warranted said goods to be as represented, and said representations and statements were false and fraudulent, and known to be false and fraudulent by the plaintiff, and the defendant relied thereon, they should award the defendant such damages as he may have suffered by reason thereof. In another paragraph he instructed the jury that a purchaser of property had no right to rely upon the representations of the vendor as to the quality when he had reasonable opportunity of examining the property and seeing for himself. The requirement that the false and fraudulent representations must be shown to have been known to plaintiff to be false imposed a burden upon defendant not justified by law. When a person in order to induce another to enter into a contract makes a positive assertion about a ma-

terial matter not warranted by any information possessed by him, or when it does not appear that he had reasonable grounds for believing such assertion to be true, when the assertion so made is not true, even though believed by the party making it, this is equivalent to the assertion of a fact which the party knew to be untrue, and constituted fraud and deceit. Section 994, Rev. Laws 1910; Howe v. Martin, 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840. The representations relied upon were as to the quantity and value of the stock of merchandise, and the instruction last mentioned in effect, instructed the jury that the defendant had no right to rely upon the representations as to either of these matters. When a seller misrepresents the quantity of the subject-matter of the sale, and he is in a position to know the quantity or to form a reasonably accurate estimate thereof, and the purchaser is not in such position, and the seller falsely or fraudulently misrepresents the quantity, and such misrepresentation is relied upon by the purchaser, such misrepresentation amounts to fraud. Mt. Hope Nurseries Co. v. Jackson, 36 Okla. 273, 128 Pac. 250, 45 L. R. A. (N. S.) 243; 12 R. C. L. 276. The evidence that the stock of goods would invoice $4,500 was a representation as to the quantity. There was evidence that plaintiff possessed superior knowledge upon this matter, that the defendant was a farmer, and was engaged in the livery business, and unacquainted with stocks of merchandise, and unable to form a reasonably accurate estimate of the amount which the stock would invoice, and that he relied upon the representations of plaintiff made in person and by Ballard, and the fact that defendant had an opportunity to examine the stock of goods before consummating the purchase, does not relieve plaintiff from liability for any damage accruing to defendant caused by defendant's reliance upon the misrepresentations made to him. Gannon v. Hausaman, 42 Okla. 41, 140 Pac. 407, 52 L. R. A. (N. S.) 519.

At the commencement of this action certain of defendant's property was seized under writs of attachment which were afterwards dissolved, and defendant claimed damages for the wrongful levy thereof. There was evidence that certain items of expense had been incurred by defendant in procuring a dissolution of such attachment; that his place of business was closed for a time, and a certain portion of his stock removed and improperly taken care of, and there was some evidence to show loss of profits. After correctly instructing the jury as to the

measure of damages, to which instruction no objections have been urged, the court instructed them that if they found plaintiff believed, or had reasonable grounds to believe, that it was necessary to sue out the attachments in order that he might collect the debt owed by defendant, the only damage the defendant would be entitled to recover would be the difference in the market value of the goods at the time they were taken under the writs and the time they were returned to him by the sheriff. This latter instruction was in contradiction of and inconsistent with the other instruction upon the measure of damages, and was clearly error. The defendant would be entitled to recover any reasonable and necessary expense incurred in procuring the dissolution of said attachments, including reasonable attorney's fees, and all damages that accrued to the merchandise seized and returned by the sheriff, and also any profits that he might have made in conducting said business if his store had not been closed and the goods had not been removed under the attachments. Wellington v. Spencer et al., 37 Okla. 461, 132 Pac. 675, 46 L. R. A. (N. S.) 469; Floyd v. Anderson, 36 Okla. 308, 128 Pac. 249, 43 L. R. A. (N. S.) 788, Ann. Cas. 1915A, 348.

Sufficient error appearing to warrant a reversal of the case, and the other errors complained of being of such a character that a repetition thereof will probably not occur upon a retrial, consideration thereof is not deemed necessary.

The judgment is reversed, and the cause remanded, with instructions to proceed in accordance with the views herein expressed.