## MUNSON et al. v. BECK.

No. 11121—Opinion Filed March 27, 1923.

Rehearing Denied April 24, 1923.

Second Petition for Rehearing Denied May 8, 1923.

(Syllabus.)

1. Attachment—Bonds—Liability of Sureties on Attachment Bond—Effect of Judgment Discharging Estate of Principal.

Where suit is brought against the administratrix of an estate on an attachment bond which decedent executed as principal, and judgment is rendered discharging the estate from liability on such bond because of the failure to present the claim within the time allowed by law, the discharge of the principal does not operate as a discharge of the sureties on the bond.

**2. Attachment—Action on Bond—Sufficiency of Petition.**

In a suit on an attachment bond, a petition which alleges special damages sustained as a result of the wrongful attachment with sufficient definiteness to apprise the adverse party fully of the probable evidence which he will introduce is good as against a general demurrer.

**3. Same — Items of Recovery—Expenses and Attorney's Fee.**

In a suit on an attachment bond, the plaintiff is entitled to recover any reasonable and necessary expense incurred in procuring dissolution of the attachment, including a reasonable attorney's fee, and evidence of the amount actually paid is admissible; but the necessity of such payment and the reasonableness thereof must be shown.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by W. P. Beck against D. F. Munson and another on attachment bond. Judgment for plaintiff, and defendants bring error. Reversed and remanded with directions.

W. A. Staley and S. A. Horton, for plaintiffs in error.

A. M. Baldwin, A. J. Carlton, and Embry, Johnson & Tolbert, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error, as plaintiff below, against the plaintiffs in error, defendants below, and Mrs. C. E. Ferrell, as administratrix of the estate of C. E. Ferrell, deceased, to recover on two bonds which had been executed by C. E. Ferrell, as principal, and the plaintiffs in error, as sureties. The parties will be hereinafter referred to as plaintiff and defendants, as they appeared in the lower court.

On the trial of the case, a demurrer was sustained to the evidence as to the defendant Mrs. C. E. Ferrell, administratrix of the estate of C. E. Ferrell, deceased, because a claim had not been presented to the administratrix within the time provided by law. The other defendants insisted that the discharge of the principal operated as a discharge of the sureties, and assigned as error the refusal of the trial court to enter judgment for them on that ground. We are of the opinion that the discharge of the principal by the rendition of judgment in favor of his estate because the claim was not presented within the time provided by law does not operate as a release of surety on attachment bond. The rule is stated in 21 R. C. L. sec. 107, as follows:

"While the rule is that the extinguishment of the direct engagement of the principal, no matter how accomplished, extinguishes the collateral liability of the surety, there are exceptions thereto. For instance, the discharge of the principal by an act of the law in which the creditor does not participate will not release the surety."

In Baker et al. v. Gaines Bros. Co., 65 Okla. 192, 166 Pac. 159, the court in the second paragraph of the syllabus said:

"The sureties are not released from liability upon a note made by a deceased principal by failure of the payee to file the claim against the estate of the deceased principal."

In Darby v. Berney National Bank (Ala.) 11 South. 881, the court said:

"The release of the principal debtor in this way by operation of law, which wrought the result through the mere passiveness of the creditor, did not discharge the surety."

The principle announced in the foregoing cases controls in the instant case. The fact that suit was brought against the administratrix and sureties and the demurrer was sustained to the evidence as to the administratrix does not change the situation, as the judgment was simply a judicial determination of the discharge of the principal, because of the failure to present the claim, and the rule announced in the above cases that a discharge by operation of law does not result in a discharge of the sureties is controlling here.

The defendant contends that the petition does not state a cause of action, relying principally upon the contention that the petition does not contain adequate allegations as to the special damages alleged to have been sustained. In Reliable Mut. Hail Ins. Co. v. Rogers, 61 Okla. 226, 160 Pac. 914, the court said:

"In a suit for wrongful attachment it was only necessary to allege that the attachment was wrongful and the resulting damages."

In Kennedy v. Van Horn, 77 Okla. 100, 168 Pac. 483, and in First National Bank of Mounds v. Cox, 82 Okla. 129, 198 Pac. 579, it is held that special damages which do not necessarily result from the injury must be specially pleaded. As a general rule, where the allegations of special damages are definite enough to apprise the adverse party fully of the probable evidence which will be introduced by plaintiff and to enable him to prepare his defense, they will be deemed sufficient. 17

C. J. 1004. A pleader is required to state the facts constituting the cause of action in ordinary and concise language, but he is not required to plead the evidence upon which he relies. Cahill v. Creek Oil Co., 40 Okla. 176, 136 Pac. 1100. We are of the opinion that the petition, measured by the foregoing authorities, was good as against a general demurrer and contained sufficient allegations as to special damages claimed.

The defendants further complain of the introduction of certain evidence which was admitted over their objection relative to the expense incurred in connection with the dissolution of the wrongful attachments. The general rule announced in this jurisdiction in Leasure v. Hughes, 72 Oklahoma, 178 Pac. 696, is as follows:

"The defendant would be entitled to recover any reasonable and necessary expense incurred in procuring the dissolution of said attachments, including reasonable attorney's fees. * * *"

To authorize allowance of the amount expended by defendant in procuring the release of writs of attachments upon the property of the defendant, it must be shown by the proof not only that the services were reasonably necessary in procuring the release of the attachments, but also the reasonable nature of the services. In 17 C. J. 914, we find the following statement:

"The measure of the recovery for expenses incurred by plaintiff by reason of defendant's wrongful act is a reasonable sum therefore, and not the amount actually paid out, nor a sum in excess thereof. Hence, while evidence of the amount actually paid may be considered. the necessity of such payment and its reasonableness must be shown."

In the case at bar, the trial court permitted evidence to be introduced showing the amounts expended by the plaintiff in making numerous trips to Chandler and Tecumseh, and also the expense of numerous trips by his attorneys, but there was no evidence introduced showing the necessity for those trips or the reasonableness of the charges, neither was there any evidence introduced showing that it was reasonably necessary to employ attorneys living at Shawnee to handle the litigation, nor that the expenses by reason of that fact were necessary or reasonable. The only statement made by the plaintiff as to why attorneys were employed living at Shawnee and as to the necessity of his expenses in going to see the attorney at that place was, "Well, I had my reason." Proper exceptions were saved to the introduction of the evidence as to the various items of expense on the ground that there was no showing that the same was reasonably necessary or that the same was reasonable. and we are of the opinion that the court committed error in overruling objections to this testimony.

The judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and KANE. McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.