## BROCKHAUS v. KILLOUGH.

No. 12264—Opinion Filed Nov. 6, 1923.

1. **Pleading — Counterclaim — Waiver of Objection.**

Where a counterclaim for damages on account of an alleged wrongful attachment is set up in the answer, the plaintiff, by filing a reply, thereby joins issue thereon, and waives the objections that such damages were not proper subjects for counterclaim in the action.

2. **Appeal and Error — Questions of Fact — Verdict.**

Where there is a conflict in the evidence, and the issues determined by a jury under

proper instructions, and approved by the trial court, this court will not disturb the verdict on the weight of the evidence.

### 3. Same — Harmless Error — Statutes.

The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which do not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect. Section 4791, Rev. Laws 1910, being section 319, Comp. Stat. 1921.

No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. Section 6005, Rev. Laws 1910 (section 2822, Comp. Stat. 1921.)

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by H. A. Brockhaus against H. D. Killough. Judgment for defendant, and plaintiff brings error. Affirmed.

Embry, Johnson & Tolbert, for plaintiff in error.

C. W. Herod, for defendant in error.

Opinion by JONES, C. This action was instituted in district court of Woodward county by plaintiff in error, as plaintiff, against defendant in error, as defendant, for rents due plaintiff by defendant for a farm for the years of 1918 and 1919, plaintiff urging that he is entitled to recover the sum of $578.80 from the defendant as rents. And at the instance of the plaintiff writ of attachment was issued and the crop of rye, which had been grown by the defendant, was attached and sold under the attachment. The affidavit of the attachment filed contained all the ordinary averments of such an affidavit, and, among others, and the one upon which plaintiff seems to rely, was that the defendant was about to remove the crops grown on the premises from same.

It appears from the records that the defendant was absent from the state at the time the attachment was issued and on his return discovered that his crop of rye had been attached, threshed, and sold, and he files his answer generally denying all of the allegations of plaintiff's petition, and especially his right to an attachment, and admits the rental contract and the fact that he was due the plaintiff his part of rents of the crop of rye for 1919, and avers that the only reason which had caused him not to pay said rent was that he had been unable to secure a thresher, and that the grain was securely stacked and in such condition that no damage would occur by reason of a reasonable delay, and further avers that he has been damaged in the sum of $300 by reason of wrongful attachment, to which answer the plaintiff files his reply, which is in the nature of a general denial to all the affirmative facts set up by defendant in his answer.

The case was tried to a jury on November 24, 1920, and the jury returned the following verdict:

"We, the jury duly empanelled and sworn to try the issues, in the above entitled cause, do upon our oaths, find for the defendant and fix the amount he shall recover at $50, and the attorneys fee of $100, and one-half of proceeds of rye be returned to him."

And the court having rendered judgment in conformity to the verdict of the jury, and plaintiff's motion for a new trial having been duly overruled, the case is appealed to this court. Plaintiff in error assigns various errors in his brief and he alleges that the court erred in admitting over the objections of plaintiff certain testimony which was incompetent and immaterial, to wit, the evidence of defendant offered in support of the averment to his answer as to damages sustained by reason of the wrongful attachment, and cites in support of this contention section 4855, Rev. Laws 1910, which is as follows:

"If judgment be rendered in the action for the defendant the attachment shall be discharged and the property attached, or its proceeds, shall be returned to him. If the attachment or garnishment shall be discharged on motion prior to final judgment, the defendant may, upon proper supplemental answer, recover his damages, as in other cases for such wrongful attachment or garnishment"

—and urges that the defendant was not entitled to recover any damages on this theory for the reason that the attachment had not been formally discharged, and that the action or cause raised by defendant's answer could not be joined in this cause, and that no suit could be maintained for damages for wrongful issuance of the attachment until there had been an adjudication holding the attachment was wrongfully issued, and cites the case of Scott v.

Waples-Painter Co., 74 Oklahoma, 176 Pac. 754, and the case of Selsor v. Arnbrecht, 57 Okla. 732, 157 Pac. 908, in support of this contention; but we cannot agree with plaintiff in error that the authorities cited are in point.

The record discloses that no demurrer was interposed or objections made to the answer of defendant, and that the plaintiff replied thereto, thus joining the issues as to the question of damages for the wrongful issuance of the attachment without objections on the part of the plaintiff.

In the case of Word et al. v. Nakdimen et al., 74 Oklahoma, 178 Pac. 257, the court said:

"Where a counterclaim for damages on account of an alleged wrongful attachment is set up in the answer, the plaintiff, by filing a reply, thereby joins issue thereon and waives the objection that such damages were not proper subjects for counterclaim in the action."

This is identical with the question raised in this case, and we think properly disposes of same, and likewise it was held, in the case of Brisley et al. v. Mahaffey, 64 Okla. 319, 167 Pac. 984:

"Held, further by filing reply and joining issue of former adjudication, plaintiff waives objection that such damages were not proper subjects for counterclaim in this action and in the case."

In the case of Incorporated Town of Comanche v. Works, 69 Okla. 244, 172 Pac. 60, it is held:

"The parties to an action having presented their case or defense to the trial court upon a certain, definite theory are bound thereby and will not be permitted to change the theory of the case, either at any subsequent stage in the trial court or the appellate court upon an appeal."

Likewise, in the case of Brisley et al. v. Mahaffey, 64 Okla. 319, 167 Pac. 984, it is held:

"Plaintiff having submitted his cause to the jury in the trial court, on the issue of former adjudication, will not be permitted to change his theory and urge, for the first time in this court, that the damages were not proper subject for counterclaim."

Plaintiff further complains that the court erred in giving certain instructions which he set forth in his brief, and while there may be valid objections to some of the instructions given the question here involved and clearly raised by the pleadings is so simple and the proof so conclusive as to a wrongful attachment having been issued that we feel confident that the jury was not misled by the instructions given, in fact the instructions taken as a whole is a fair presentation of the law governing the case upon the issues as joined by the pleadings, and in our judgment the verdict is clearly sustained by the preponderance of the evidence and in no wise excessive, and finding no substantial error, we recommend that the case be affirmed.

By the Court: It is so ordered.