### PATTON v. BULLARD.

No. 14975—Opinion Filed March 17, 1925.

Rehearing Denied May 19, 1925.

**Pleading—Counterclaim — Waiver of Objection.**

Where a counterclaim for damages on account of an alleged wrongful attachment is set up in the pleadings of either party and the other party joins issue thereon, the latter waives the objection that such damages are not proper subjects for counterclaim in the action.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by Lewis Bullard against R. M. Patton. From judgment for Bullard, Patton appeals. Affirmed.

Geo. L. Zink and Rummons & Hughes, for plaintiffs in error.

Tolbert, Hunter & Tolbert, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff, Bullard, a cropper, sued Patton, his landlord, for work and labor. Defendant counterclaimed against the plaintiff for a larger sum and attached the joint property of the parties on the farm. Plaintiff duly filed motion to discharge the attachment, denying the grounds thereof. Thereafter plaintiff also filed reply and counterclaimed against defendant for a still larger sum as damages for wrongful attachment. Defendant joined issue on this pleading by general denial. It was duly stipulated by the parties that the attached property should be sold by the sheriff and one-half of the proceeds (plaintiff's share) paid by the sheriff into court to abide its order, and the other half paid by the sheriff to defendant; that the stipulation and sale should be without prejudice to the rights of the parties in the future litigation; and that the motion to discharge and the damages arising therefrom. if any, should be tried to a jury along with the merits of the case. No other disposition was made of the motion to discharge the attachment prior to trial. Pursuant to the stipulation, the sheriff sold the attached property and disposed of the proceeds accordingly. The jury found for plaintiff for the full amount claimed in his petition for labor and also for plaintiff on this cross-petition against defendant for certain sum as damages for wrongful attachment by defendant; and for defendant on his cross-petition against the plaintiff for a certain sum for items claimed by defendant against plaintiff, resulting in a balance of $200 in favor of plaintiff. for which judgment was rendered against defendant. The court also ordered the clerk to pay to the plaintiff the said one-half of the proceeds of the sale of the attached property.

Defendant, in this appeal, assigns that the court erred in overruling his timely objection to the introduction of any evidence in support of the cross-petition of plaintiff for damages because of the wrongful attachment, contending that since the at-

tachment had not been discharged prior to the trial, no right to recover damages existed. Ordinarily, as provided by the statute, damages for wrongful attachment may be recovered in the same action by proper supplemental pleading if the attachment has been discharged prior to final judgment. This statute and Scott v. Waples-Painter Co. et al., 74 Okla. 52, 176 Pac. 754, are relied upon. Defendant joined issue with plaintiff on the claim for damages for wrongful attachment by filing reply. It is well settled by a line of decisions of this court that thereby defendant waived the objection that such damages were not proper subjects for counterclaim in the instant action. Brockhaus v. Killough, 97 Okla. 256, 220 Pac. 863, Brisley et al. v. Mahaffey, 7 Okla. 257, 209 Pac. 920, and cases cited.

It is unncessary to comment on the fact that defendant also specifically stipulated that the motion to discharge and the damages arising therefrom should be tried to the jury along with the merits of the case. Likewise, there is no merit in defendant's contention that no issue was made by the pleadings as to the deposit made with the clerk by the sheriff from the sale of the attached property, and that the court had no jurisdiction to order such amount paid to the plaintiff. Such sum represented the interest of the plaintiff in the proceeds of the sale of the personal property and at all times belonged to the plaintiff, subject to be ordered paid to defendant, if the court found any part thereof due defendant. Defendant specifically stipulated that such amount should be turned into court to abide its order. Such sum was a part of the subject-matter of the action, and the court clearly had jurisdiction to dispose thereof.

Let the judgment be affirmed.

By the Court: It is so ordered.