## BERCH v. CARTER et al.

No. 16762—Opinion Filed June 1, 1926.

**Pleading—Reply by General Denial as Waiver of Objection to Improper Defense—Action for Trespass Injuring Hotel Business.**

In an action for damages to hotel property in the loss of patronage and depreciation of value caused by the wrongful acts of defendants, where defendants answer by general denial and plead affirmatively the bad reputation of the hotel as the cause of the damages complained of, and plaintiff joins issue with the affirmative allegation by a reply of general denial without otherwise objecting, it is not error for the court to permit defendants to introduce evidence tending to prove the affirmative allegations of the answer.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Stephens County; A. S. Wells, Assigned Judge.

Action by Lulu Berch against George W. Carter, Orbie Pope, and Marvin Young for damages. Judgment for plaintiff for $950, and plaintiff appeals. Affirmed.

Morgan & Morgan and Sandlin & Winans, for plaintiff in error.

Bond & Bond, for defendants in error.

Opinion by THREADGILL, C. On April 28, 1924, plaintiff in error, as plaintiff, commenced this action against the defendants in error, as defendants, to recover damages for certain trespasses against her hotel and guests in Marlow. She alleged, in substance, that she had invested about $48,000 in the hotel and furniture, and was making $750 per month from the rooms and for meals of the cafe; that on or about January 22, 1924, and prior thereto, the defendants entered into a conspiracy, for the purpose of injuring plaintiff's hotel business, to force her to trade her hotel property to the defendant G. W. Carter for property he was offering in exchange for said property; that in pursuance of said conspiracy, and following a tragedy of the death of her husband and a negro porter in the lobby of the hotel by a mob, defendants did phone to plaintiff's place of business and did go to plaintiff's place of business and did shoot off firearms in front of plaintiff's place of business, and by their acts, threats, orders, and intimidations, on or about January 22, 1924, did cause plaintiff's guests and patrons to quit and leave the hotel in the nighttime, and did almost break up and destroy her business, and did force and compel her to remain away

from her place of business at nights for fear of great bodily harm; that her business was damaged thereby $10,000, and the defendants were liable to her for said damages. She further alleged that the said wrongful acts of the defendants caused a depreciation of the value of the said hotel property in the sum of $10,000. She further stated that the said wrongful acts caused her to suffer a breakdown in health to her damage in the sum of $5,000. She pleads that the said acts of the defendants were malicious, and she should have punitive damages in the sum of $10,000. Defendants filed a motion to make more definite and certain, which was overruled, then filed a demurrer to the petition, which was overruled. Thereupon defendants filed answer consisting, first, of general denial, then they pleaded as a defense that the property described in plaintiff's petition was operated for several years by the plaintiff and her husband, Al Berch, deceased, as a hotel, and that for a long time prior to the death of her said husband and to the occurrences related in her petition, said hotel property bore a bad reputation for law and order, and that gambling and drinking were permitted upon said premises, and that said premises had been raided a number of times by the officers of Stephens county, and arrests had been made of parties gambling on said premises, and that, if said property had depreciated in value, the same was not due to acts upon the part of defendants, but the manner in which said hotel property was conducted by plaintiff prior to the occurrences which plaintiff alleged as a cause of action in the case. There was a reply consisting of a general denial, and upon these issues the cause was tried March 12, 1925, to a jury and resulted in a judgment in favor of the plaintiff in the sum of $950, and from this judgment plaintiff has appealed, asking for a reversal and new trial. She says she should have recovered a greater sum and would have recovered a greater sum if the court had not permitted the introduction of evidence which was incompetent, irrelevant, and immaterial and prejudicial to her rights.

There is but one question involved in the appeal. In trying the case, the court permitted defendants to introduce evidence, over the objection of plaintiff, to prove that the hotel had a bad reputation for law and order as they had alleged in their answer. Plaintiff says this evidence was incompetent and tended to prejudice her cause with the jury. It may have caused them to award less damages than they otherwise would, but can we say, as a matter of law, that this evidence was illegal under the issues as made

up by the pleadings? Defendants, in their answer, pleaded that the hotel had a bad reputation for law and order, and that if the property depreciated in value this was the cause of it rather than any misconduct on their part. If this was not 'a' proper plea—if the issue tendered was not a legal defense—the defect could have been taken advantage of by motion, demurrer, or reply. Section 270, Compiled Statutes 1921. But plaintiff made no objection to the answer except by a general denial reply, and this was not sufficient to raise the question of the illegality of bad reputation as a defense in the case. The general rule as stated in 21 R. C. L. page 567, sec. 123, is as follows:

"A person answering a complaint. if the answer is a general denial, admits for the purpose of the trial, that the 'acts pleaded in the complaint stated a good cause of action."

This rule would be applicable to the answer the same as to the complaint or petition. The same principle was involved in the case of Blockhaus v. Killough, 97 Okla. 256. 220 Pac. 863, and the rule stated therein is as follows:

"Where a counterclaim for damages on account of an alleged wrongful attachment is set up in the answer, the plaintiff, by filing a reply, thereby joins issue thereon and waives the objections that such damages were not proper subjects for counterclaim in the action."

Plaintiff does not raise any question of error as to the pleadings, but insists that defendants should not have been permitted to prove the bad. reputation of the hotel, although this was one of the issues joined by defendants' answer and plaintiff's reply. In the case of Scanlin v. Barkley et al., 72 Okla. 80, 178 Pac. 674, this court has passed on this question adversely to plaintiff's contention. The rule, as stated in the first paragraph of the syllabus, is as follows:

"The objection to certain evidence because the same is incompetent, irrelevant, and immaterial, is not sufficient to test the sufficiency of the petition, counterclaim, or set-off. or whether it is a proper subject of litigation in the controversy, when the counterclaim or setoff has not been tested by demurrer, motion, or an objection to the introduction of any evidence, on the ground that the pleading does not state a cause of action or any defense."

We must, therefore, hold that under the issues as joined by the pleadings, the court committed no error in permitting the defendants to introduce the evidence complained of, tending to prove the reputation of the hotel in controversy.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.