## CARTER v. WALKER et al.

No. 18110.    Opinion Filed May 8, 1928.

(Syllabus.)

**1. Attachment—Forthcoming Bond not in Statutory Form—Construction—Intent.**

The scope and extent of a bond executed for release of attachment not in the form prescribed by section 352, C. O. S. 1921, will be gathered from the intent of the parties and construed in the light of the statute.

**2. Attachment — Wrongful Attachment — Measure of Damages.**

In an action for an attachment wrongfully issued and subsequently dissolved by judgment of the court issuing it, the damages recoverable against the attachment bond are compensatory in their nature and include a reasonable attorney fee, damages to the property seized under the writ, costs, expenses and loss of time in procuring dissolution of the attachment, but these damages, to be so recoverable, must be the proximate result of the attachment, and the reasonableness thereof must be shown.

Error from District Court, Grady County; Will Linn, Judge.

Action by W. H. Walker et al. against G. W. Carter on attachment bond. Judgment for plaintiff, and defendant appeals. Affirmed.

A. L. Herr, for plaintiff in error.

Melton & Melton, for defendants in error.

RILEY, J. This appeal concerns a cause of action based upon an attachment bond. On appeal the order of the appearance of the parties is transposed. Carter gave an attachment bond and caused an attachment to be issued and levied upon 30 acres of cotton and 25 acres of corn belonging to plaintiffs below, in this action. The Walkers, plaintiffs, filed a motion and upon it the court on October 4, 1924, found that said attachment was wrongfully issued and dissolved it. Carter gave notice, supersedeas bond, and perfected his appeal from the judgment dissolving attachment. The appeal was never filed. The Walkers thereupon, and after judgment dissolving attachment, caused to be executed an instrument denominated "Forthcoming Bond in Attachment," dated October 9, 1924, and filed the same with the sheriff of the county, who approved the same on that· day. Carter contends that the last bond given was a dissolving bond and not a forthcoming bond, and that by giving it the Walkers will not be heard to say the original attachment was wrongful. This cause was tried to a jury. A verdict was returned in favor of plaintiffs for actual damages in the amount of $400. Judgment was accordingly rendered, from which the defendant prosecutes this appeal.

On appeal Carter contends that the plaintiffs below were estopped by reason of the giving of the so-called forthcoming bond, in that the attachment was thereby dissolved.

Such is true of dissolving bonds under section 383, C. O. S. 1921. Moffitt v. Garrett, 23 Okla. 398, 100 Pac. 533; Lee v. Fulsom, 44 Okla. 589, 145 Pac. 808; St. Louis Cordage Mills v. Western Supply Co., 54 Okla. 757, 154 Pac. 646; Rachelman v. Skinner (Minn.) 48 N. W. 776; Brady v. Onffray (Wash.) 79 Pac. 1004.

The ·question then occurs as to whether the bond given is a dissolving bond or a forthcoming bond as provided by section·352, C. O. S. 1921, or merely a common-law contract or obligation.

The bond is not a dissolving bond as provided by the statute, section 383, supra, because it was not executed or delivered "at any time before judgment", nor was the obligation thereby to "perform the judgment of the court," as provided by statute, but the obligation partook of and contemplated other means of performing the conditions. The attachment had already been dissolved by judgment of the court,· so a dissolving bond had no application. There was nothing more to dissolve. The condition of the obligation of the bond is to:

"Well and truly perform the judgment of the court herein and shall have said property or its proceeds, before the court to answer the judgment of the court herein, and pay and satisfy any judgment that may be rendered against them. * * *"

The statutory condition providing for a forthcoming bond is that the parties bound shall have the property or its appraised value in money before the court to answer judgment. Here the provision was to have the proceeds rather than the appraised value in money before the court. However, the bond in question was executed in the manner of a forthcoming. bond and contrary to the provisions of section 383, as to dissolving bond, relative to approval by the court, unless the court was in vacation, in the event of which section 384, C. O. S. 1921, would govern as to the sheriff's approval of a dissolving bond. Here vacation was not shown. National Surety Co. v. Morand, 92 Okla. 40, 217 Pac. 870.

Appellant cites Thomas v. Craig (Minn.) 62 N. W. 113, holding:

"An appeal from an order refusing to dis-

solve an attachment cannot be prosecuted after the attachment has been released by executing and filing the statutory bond for that purpose"

—and asserts that had he appealed from the judgment dissolving, his appeal would have met a similar fate. Such pessimism is speculative; the authority does not meet the facts here, for there the order refused to dissolve—here it dissolved.

The intention of the parties was to make a forthcoming bond, and the bond will be construed in the light of the statute and intention of the parties. 6 C. J. 344; Fazzano v. Martin (Conn.) 108 Atl. 512.

Appellant contends the trial court erred in admitting evidence relative to loss of time and expense bearing on damages sustained in appellees securing the dissolution of the attachment wrongfully issued. This court has sustained the admission of such evidence. Leasure v. Hughes, 72 Okla. 75, 178 Pac. 696; Munson v. Beck, 89 Okla. 251, 214 Pac. 708; Lord v. Wood, 120 Iowa, 303, 94 N. W. 842; Floyd v. Anderson, 36 Okla. 308, 128 Pac. 249, Ann. Cas. 1915A, p. 348.

We adhere to the rule announced.

We have examined the instructions, and find no reversible error therein contained.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 6 C. J. p. 335, §691. (2) 6 C. J. p. 535, §1312; p. 538, §1318; p. 541, §1326; p. 542, §§1330, 1331; p. 543, §1334; 2 R. C. L. p. 895; 1 R. C. L. Supp. p. 655; 6 R. C. L. Supp. p. 113.