## OKLAHOMA STATE BANK of ADA et al. v. REED.

No. 19371. Opinion Filed May 13, 1930.

McKeown & Green, for plaintiffs in error.

Wimbish & Wimbish, for defendant in error.

EAGLETON, C. W. J. Reed brought suit against Oklahoma State Bank of Ada and L. A. Ellison on garnishment bond to recover damages for wrongful garnishment. Plaintiff prevailed, defendants appealed. The parties will be referred to as they appeared in the lower court.

The judgment for the plaintiff was for the sum of $194.97.

The facts as they appear are that the defendant bank held a note of the plaintiff, Reed, which was not paid when due. The bank on September 17, 1921, filed suit on the note against Reed in the district court of Pontotoc county, and caused garnishment to issue. L. A. Ellison signed the garnishment bond as surety. The plaintiff, Reed, lived in Grady county, and summons was served on him there. He, by proper procedure, raised the question of venue and on final trial was successful. The bank appealed to the Supreme Court. The judgment was affirmed. (Oklahoma State Bank v. Reed, No. 15,340, decided April 20, 1926, 121 Okla. 103, 247 Pac. 402.) This suit was then filed on the garnishment bond and judgment was entered in favor of the plaintiff as recited above.

The defendants first complain that under the provisions of section 387, C. O. S. 1921, which provides:

" * * * If the attachment or garnishment shall be discharged on motion prior to final judgment, the defendant may, upon proper

supplemental answer, recover his damages, as in other cases for such wrongful attachment or garnishment"

—that the plaintiff should not prevail, as he did not allege affirmatively or prove that the garnishment was discharged prior to the entry of final judgment, and cite in support thereof Scott v. Waples-Painter Company, 74 Okla. 52, 176 Pac. 754. This position is untenable, and the case cited does not support their contention. An action for damages sustained by reason of wrongful garnishment is proper independent of the undertaking required by law. See Overton v. Sigmon Furniture Mfg. Co., 50 Okla. 531, 151 Pac. 215, which discusses the reasons thereof, and Weber Chimney Co. v. Blackwell Hospital Co., 111 Okla. 62, 238 Pac. 186. Section 387, C. O. S. 1921, was enacted into our law and became effective May 16, 1913. Prior to that enactment there was no statute in this state authorizing a recoupment of damages by the defendant for wrongful garnishment in the same procedure in which the garnishment was had. Since the enactment of that provision into our law, it has been permissible for the defendant who has suffered damages from wrongful garnishment to make his recoupment in the same proceedings in case the garnishment is discharged prior to final judgment and not be compelled to institute a separate action. Selsor v. Arnbrecht, 57 Okla. 732, 157 Pac. 908.

In Scott v. Waples-Painter Company, supra, the court refused to dissolve the garnishment, and in the face of the court's refusal to dissolve the garnishment the defendant attempted to set up by way of cross-petition his damages by reason of the garnishment. Demurrer to the cross-petition was sustained, and on appeal this court approved sustaining the demurrer thereto, stating:

"Here the garnishment was not discharged, hence the right to recover damages in this action did not exist."

That opinion in no wise suggests that the dissolution of a garnishment prior to final judgment is a prerequisite to the recovery of damages for a wrongful garnishment.

One suffering from a wrongful attachment or garnishment is entitled to recover from the party obtaining the issuance of the order for the damages he suffers. When a bond is given to obtain the order, the sureties thereon are likewise liable for the damages caused. The recovery may be had by separate suit. The provision in section 387. C. O. S. 1921, permitting defendant when

attachment or garnishment is discharged on motion prior to final judgment by supplemental answer to recover his damage, is permissive, not exclusive. It gives the person suffering damages from a wrongful order of attachment or garnishment an additional or optional remedy, under the conditions provided, to recoup his damages in the original attachment or garnishment action.

It is next contended that the garnishment bond was insufficient to sustain the judgment for attorney's fees. The bond provided "that the plaintiff will pay all damages not exceeding the above amount (the sum of $500) which the defendant may sustain by reason of the garnishment in this action if the order therefor be wrongfully obtained." This bond is in substantial compliance with the requirements of section 354, C. O. S. 1921. Southwestern Security Co. v. United States Fidelity & Guaranty Co., 75 Okla. 232, 182 Pac. 522, is not analogous and does not support the contention of the defendants. The bond given therein was not one provided for by statute. However, in the opinion it lays down the well-established rule:

"* * * And if the giving of said bond accomplished the purpose for which it was given, then the surety became liable for all things for which it assumed liability, but cannot be held liable beyond what the terms of the bond fairly import."

Without a bond a plaintiff who obtains wrongful garnishment is liable to the defendant for any reasonable and necessary expenses incurred in procuring the dissolution of the garnishment, including reasonable attorneys' fees and for all damages by him suffered. Leasure v. Hughes, 72 Okla. 75, 178 Pac. 696.

The statute requiring the bond (C. O. S. 1921, sec. 354) specifically provides attorney's fees as a damage protected against. The bond in this cause fairly imports that it will protect against all reasonable costs, damages, including attorney's fees, and expenses, to which plaintiff was put by reason of the wrongful garnishment. The bank by filing the bond required by statute as a prerequisite to the issuance of garnishment obtained the garnishment order, and the surety signed the bond that the order might be obtained. Both the principal and the surety are bound to know the legal effect of the bond and the liabilities under the law incurred, and both are bound thereby. This is supported by the general rule found in 28 Corpus Juris, 216:

"A garnishment bond is to be construed by the law under which it is executed, rejecting surplusage and supplying omissions. * * *"

And again, 28 Corpus Juris, 544:

"An attorney's fee necessarily expended by the garnishee or a claimant by reason of the wrongful garnishment may be recovered as damages by such garnishee or claimant."

1 Sutherland Damages (4th Ed.) sec. 85, says:

"Sec. 85. Same subject; bonds and undertakings; damages and costs. Upon statutory bonds and undertakings to pay damages and costs resulting from the issue of certain writs, as an injunction, sequestration or attachment in case it shall be decided that the party obtaining it was not entitled to it, the recovery depends mainly upon the terms of the instrument; but 'damages and costs' include, among other things, the costs incident to the particular writ and of the proceedings to procure its discharge, including counsel fees, except in the federal and a few state courts. On principle and the weight of authority, where the prosecution or defense of suits is rendered naturally and proximately necessary by a breach of contract or any wrongful act, the costs of that litigation, reasonably and judiciously conducted, paid or incurred, including reasonable counsel fees, are recoverable as part of the damages."

This court, in Carter v. Walker, 130 Okla. 284, 267 Pac. 259, a case involving recovery on a forthcoming bond in attachment prescribed by section 352, C. O. S. 1921, stated:

"The scope and extent of a bond executed for release of attachment not in the form prescribed by section 352, C. O. S. 1921, will be gathered from the intent of the parties and construed in the light of the statute."

And again, in the opinion:

"The intention of the parties was to make a forthcoming bond and the bond will be construed in the light of the statute and intention of the parties. 6 C. J. 344; Fazzano v. Martin (Conn.) 108 Atl. 512."

The defendants again complain that certain incompetent evidence was introduced over their objection, that the plaintiff was allowed to introduce in evidence the minutes of the court clerk which showed that the motion to vacate the garnishment on jurisdictional grounds was by the court overruled prior to the entry of final judgment in the cause. Even if this evidence is incompetent, the defendants cannot complain thereof. This evidence, if of any value, sustained the contention of the defendants that the garnishment was not dis-

charged prior to the entry of final judgment. The error, therefore, if any, is harmless and avails the defendants nothing.

This seems to be a cause in which the bank is endeavoring to impress upon its small borrowers that it is not safe to fight a bank, that the bank, with its resources, can ruthlessly enforce its desires or delay accounting to those who deal with it for years of time and cause them to incur unnecessary and useless expense in defending or enforcing against the bank that to which they, the small customers, are entitled. This is a policy which should find small favor with a court. We find no merit whatsoever in any of the complaints made by the appellants. The cause is therefore affirmed.

Subsequent to the filing of this cause in this court the defendant in error, W. J. Reed, died, and the cause was revived in the name of J. K. Reed, Ada Hemler, Annie Bowers, Earl Reed, Ernest Reed, Edgar Reed, Magdalene Brundridge, Josephine Erwin, and Elbert G. Reed, his heirs at law.

BENNETT, HALL, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. §2889, p. 917, n. 39. "Attachment," 6 C. J. §1162, p. 493, n. 58. "Garnishment," 28 C. J. §281, p. 216, n. 97; §644, p. 535, n. 33; §645, p. 536, n. 50; §668, p. 542, n. 79.