CATHERINE MCGRAW *vs.* FRANK MCGRAW and others.

Washington.    Opinion March 7, 1887.

*Deeds.    Delivery.*

M deeded his homestead to a minor son; the son, on same day, deeded to M's wife; M recorded both deeds and kept them many years in a trunk in his bedroom, where they were when he died; no consideration was paid; M's motive was to avoid payment of fines in liquor prosecutions; the wife, a witness, says the deed is hers and was in her possession, but swears to no act or word of her husband about the deed; she first had the trunk after his death; she applied for dower out of the same land; the husband conveyed an adjoining parcel to another, bounding it upon the land, in question, as his wife's land. *Held,* between her and his (not her) children a delivery of the deed to her is not proved.

ON report.

Real action for the possession of certain premises in Eastport. The opinion states the facts.

*H. M. Heath,* (with him *E. E. Livermore,*) for the plaintiff,

In some respects the case is similar to *Bean* v. *Boothby,* 57 Maine, 295, one of instantaneous seizin, where Frank was the mere conduit through whom his father's title passed to the plaintiff. See p. 303 of that case, citing, *Hazleton* v. *Lesure,* 9 Allen, 24; *King* v. *Stetson,* 11 Allen, 407; *Chickering* v. *Lovejoy,* 13 Mass. 51; *Webster* v. *Campbell,* 1 Allen 313; see also, *Hubbard* v. *Cummings,* 1 Maine, 11.

That both deeds were made at the same time, and constituted throughout but one transaction is not in controversy.

In such a case no estate vests in the intermediary, and he acquires no beneficial interest, 4 Mass. 566; *Haynes* v. *Jones*, 5 Met. 292; *Hazleton* v. *Lesure,* 9 Allen, 24.

That an infant may be a trustee is well settled. Perry on Trusts, § 54, and cases. *Tucker* v. *Bean*, 65 Maine, 352; *Wakefield* v. *Marr*, 65 Maine, 341; *McClellan* v. *McClellan*, 65 Maine, 500.

In *Talbot* v. *Bowen*, 1 A. K. Marshall, (Ky.) 436; S. C. 10 Am. Dec. 747, a father by parol constituted his minor son his agent to sell a parcel of land. The son made a contract to sell, and on his refusal to perform, the court in chancery decreed specific performance, holding that an infant may be an agent, and his contracts as such, otherwise unexceptionable will bind his principal. See further, *Prouty* v. *Edwards*, 6 Iowa, 353; *Elliott* v. *Horn*, 10 Ala. 348; S. C. 44 Am. Dec. 488; citing Co. Litt. 172 a; *Zouch* v. *Parsons*, 3 Burr. 1801; *Tucker* v. *Moreland*, 10 Pet. 58; *U. S.* v. *Bainbridge*, 1 Mason, 82; *Whitney* v. *Dutch*, 14 Mass. 457; Bingham on Infancy, c. 2.

The settled rule in chancery in cases where the infant trustee also has an interest in the estate is to afford him six months after attaining majority to show cause against the decree. *Coffin* v. *Heath*, 6 Met. 76. But the final decree will be made during his minority, if he has no beneficial interest. Sec. 2, c. 19, statute 7 Anne, (given in 65 Maine, 508) expressly provides for this. Following by Lord Ch. King in *Ex parte Vernon*, 2 P. Wms. 549, and by Lord Ch. Talbot in *Goodwin* v. *Lester*, 3 P. Wms. 387. "Generally whatsoever an infant is bound to do by law, the same shall bind him, albeit he doth it without suit at law." Co. Litt. 172 a. Embodied to some extent, in statute 7 Anne, c. 19 § §1, 2, the principal was applied in the famous of *Zouch* v. *Parsons*, 3 Burr. 1801, where an infant mortgagee, in whom the title vested, upon payment of the mortgage made a reconveyance of the land, which was sustained. This case and its principles, Justice Story upholds in *Tucker* v. *Moreland*, 10 Pet. 67, upon the ground that the infant was the trustee of the mortgagor. Ch. Kent, to same affect, in *Livingston* v. *Livingston*, 2 Johns. Ch. 541. The general principle is stated by Perry in his work on Trusts, § 54. Akin to this is same work, § 52, that an infant is capable of executing a naked power,

unaccompanied with any interest or not requiring any discretion..
4 Kent, 324.

Such trusts as in case at bar were executed by infants in the
following cases, cited above : *Prouty* v. *Edwards*, 6 Iowa, 353 ;,
*Elliot* v. *Horn*, 10 Ala. 348 ; *Zouch* v. *Parsons*, 3 Burr. 1801.

Plaintiff introduced in evidence the deed James McGraw to
Frank McGraw, duly acknowledged and properly recorded;
such a deed is presumed to have been duly executed and
delivered, and the adverse party must overcome such presumption,
with sufficient proof. *Webster* v. *Calden*, 55 Maine, 165.

The only delivery necessary would be the delivery to the
*cestui que trust.* This would be true upon principle, and it was,
so held in *Chickering* v. *Lovejoy*, 13 Mass. 51 ; cited approvingly
in *Bean* v. *Boothby*, 57 Maine, 295. See also, *Haynes* v..
*Jones*, 5 Met. 592 ; *Hazleton* v. *Lesure*, 9 Allen, 24.

In *Gould* v. *Day*, 94 U. S. 405, the court say, "Subsequent
conduct of the parties to the action recognizing the title as,
transferred is competent to show ratification of a delivery shown,
only by record."

In *Corley* v. *Corley*, 2 Coldw. (Tenn.) 520, held, "If the
grantor of a deed of gift acknowledges the execution of a deed,.
and directs it to be registered, and subsequently recognizes the
title of the grantee under it, that, although not a delivery, is
equivalent to a delivery."

" Where a deed is first delivered to a grantee after it has been
recorded by the grantor, the grantee takes the deed the same as,
if the delivery had been before record. *Jones* v. *Roberts*, 65,
Maine, 273.

In *Kerr* v. *Birnie*, 25 Ark. 225, the court hold that if the
grantor in a deed not delivered cause the same to be recorded.
this is a sufficient delivery to enable the grantee to hold the land.
as against the grantor. In *Bent* v. *Cassely*, 12 Ala. 734, a deed
of land was drawn by an attorney by direction of vendor and
left with the attorney for purpose of registration, the vendee not
being present. Held a sufficient delivery. A much stronger case is
found in *Elsbery* v. *Boykin*, 65 Ala. 336, where a mortgagor
acknowledged a deed on the day of its date before the probate

judge and left it with him for registration and it was duly recorded ; this was held sufficient to perfect the delivery. And in *Moore* v. *Giles*, 49 Conn. 570, the court hold that placing a deed on record with the intent that it should pass the title to the grantee constitutes a valid delivery.

The rule is stated in *Ruckman* v. *Ruckman*, 32 N. J. Eq. 259, " Where the circumstances show unmistakably that one party intended to divest himself of the title and to invest the other with it, delivery will be considered complete though the instrument still remains in the hands of the grantor.

"Delivery may be made by leaving it with the recording officer, and if once delivered, retention of the deed by the grantor does not effect the title." *Burkholder* v. *Casad*, 47 Ind. 418.

A similar case is reported in *Cecil* v. *Beaver*, 28 Iowa, 241, where a father executed a deed to his child, absolute in form and beneficial in effect, and caused it to be recorded ; the court held that such an act was in law a sufficient delivery to the infant.

Defendant's position upon the joint control of the trunk is overthrown by *Le Sauliner* v. *Loew*, 53 Wis. 207.

A want of consideration as between the original parties is not admissible to defeat the deed. *Goodspeed* v. *Fuller*, 46 Maine, 141 ; *Bassett* v. *Bassett*, 55 Maine, 127 ; *Laberee* v. *Carleton*, 53 Maine, 211. Such a position would be open only to creditors, *Hatch* v. *Bates*, 54 Maine, 136.

*E. B. Harvey*, for the defendants, cited : *Brown* v. *Brown*, 66 Maine, 361 ; *Patterson* v. *Snell*, 67 Maine, 559 ; *Parker* v. *Hill*, 8 Met. 447 ; *Hawkes* v. *Pike*, 105 Mass. 560 ; *Maynard* v. *Maynard*, 10 Mass. 455 ; *Hatch* v. *Haskins*, 17 Maine, 391 ; *Stilwell* v. *Hubbard*, 20 Wend. 44 ; *Marshall* v. *Jaquith*, 134 Mass. 138 ; *Langdon* v. *Clouse*, Cent. L. J. January 28, 1886. 1 Perry, Trusts § 52 ; *Coventry* v. *Coventry*, 2 P. Wms. 229 ; Sugden, Powers, 213, 220.

PETERS, C. J.    James McGraw, by deed dated May 15, 1876, conveyed a homestead to his minor son, who by deed dated May 19, 1876, conveyed the same to Catherine McGraw, the wife of James, and both deeds were recorded on the twenty-second day

of the same month. If the deed to the plaintiff, Catherine McGraw, was never delivered to her, she cannot recover. We think a delivery is not proved.

The further facts are these : The deeds, having been sent for record by the husband, were recorded at his expense and returned to him. He then placed them in a small hand-trunk, in his bed-room, in a file of other papers of his, where they remained till his death, when by the consent of the plaintiff they fell into the hands of the son William. No consideration was paid by the wife. The conveyance was not as an advancement or as security for any debt. The deeds were merely a form to shield the husband against the recovery of fines which were at the date of the transaction likely to be adjudged against him by the state. A very strong fact against the plaintiff is that, although a witness and an intelligent person, she does not disclose a word ever said by the husband to her about the transaction in all his lifetime. She says on cross-examination that the deed was in her possession and is hers, and that is all she says about it. What she means by possession is that she took the trunk at one time. Had there been a delivery she would be enabled to disclose more conversation and details about the deed. It also greatly makes against her, that she applied for an assignment of dower out of her husband's real estate when he left none but this.

It is contended by the plaintiff that she has her husband's confession of a delivery, by his executing another deed afterwards in which he describes land as bounded on one side by the plaintiff's real estate, meaning the property in question. That act has its force, no doubt, but we think it is explainable. She was the owner of record — the apparent owner — and the husband's purpose was to have the world believe that she was the owner. It would be natural and convenient to bound the land in this way. Frank McGraw testifies that he never delivered any deed to the plaintiff, though her title comes through him. It also appears that the plaintiff got more personal allowance upon a representation to the court of probate that she had no real estate. These facts are much stronger against her than any that make in her

behalf.   The controversy is between her and her husband's heirs, who are not her children.

*Judgment for defendants.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.