## CAHILL, et al. v. PINE CREEK OIL CO. et al.

No. 2035.    Opinion Filed November 25, 1913.

(136 Pac. 1100.)

1.  **MINES AND MINERALS—Pleading—Conditions Precedent—Oil and Gas Lease.** In pleading the performance of conditions precedent in a contract, it is sufficient to state in substance that the party duly performed all the conditions on his part.

    (a)  The pleader is required to state the facts constituting the cause of action in ordinary and concise language.

    (b)  It is not proper practice to plead the evidence, and the action of the court in sustaining the motion to strike out the evidence, when pleaded, will not be disturbed on review in this court.

2.  **JUDGMENT ON THE PLEADINGS.** The petition having stated a cause of action, and judgment being rendered thereon in favor of the defendant against the plaintiff, and an exception being saved to such action of the trial court, held to constitute reversible error.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;
Preston S. Davis, Judge.*

Action by S. D. Cahill and others against the Pine Creek Oil Company and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*Mark L. Bozarth* and *Merwine & Newhouse,* for plaintiffs in error.

*Belford & Hiatt* and *Harlan Read,* for defendants in error.

WILLIAMS, J. Plaintiff's petition, omitting the caption and the prayer, is in words and figures as follows:

"(1)  That on the 23d day of February, 1909, one Wright Thornburgh was the owner in fee simple of the following described real estate situated in Okmulgee county, Okla., and more particularly described as follows: The northeast quarter (N. E. ¼) of section thirty-five (35), township thirteen (13) north, range fourteen (14) east, containing one hundred and sixty acres of land, and as such owner, in fee simple, on said date, he, together with his wife, Anna C. Thornburgh, made, executed, ac-

knowledged, and delivered to the said S. D. Cahill and O. H. Benedum an oil and gas lease on said real estate, a copy of which lease is hereto attached, marked 'Exhibit A.'

"(2) That in said lease the said Wright Thornburgh and his said wife did grant, demise, and let unto the said S. D. Cahill and O. H. Benedum all the oil and gas in and under said land, and also said tract of land, for the purpose of operating thereon for said oil and gas, and that said lessees were to have and to hold said real estate, for the term of five years from said date, and as much longer as oil and gas should be found in paying quantities thereon, not exceeding in the whole the term of twenty-five years, from said date.

"(3) That the consideration expressed in said lease was the sum of one dollar, and that said lessees were to pay said lessors in said lease the one-fifth of all the oil produced and saved from the aforesaid real estate, delivered into tank or pipe lines to said lessors' credit, and as further consideration for the execution and delivery of said lease, said lessors were to receive at the rate of $150 a year for each gas well secured on said real estate, when utilized off said premises, and lessees were also required, as a part of the consideration thereof, to commence an oil and gas well on said real estate by the first day of March, 1909, and should use due diligence in the completion thereof.

"(4) That on said first day of March, 1909, as required by the terms of said lease, said lessees began the drilling of a well for oil on said real estate, and prosecuted the drilling thereof for oil and gas diligently until on or about the 11th day of June, 1909, when a depth of nineteen hundred and fifty (1,950) feet had been reached and the oil producing sands in that neighborhood had been reached and drilled through. The drilling of said well cost the said Cahill and Benedum the sum of seven thousand ($7,000) dollars. The oil prducing sand in that locality was usually reached at a depth of about seventeen hundred (1,700) feet.

"(5) That not having found oil or gas in said well in paying quantities, the said Cahill and Benedum, still remaining in possession of said real estate under the said lease until dispossessed thereof as hereinafter alleged, in order to further develop said real estate for oil and gas, thereafter, on or about the 20th day of October, 1910, made and entered into a contract with the Field Oil Company, the owner of an oil and gas lease adjacent and contiguous to the real estate first above described, and under said contract the said Cahill and Benedum, with due diligence, drilled a well, which then and ever since has been producing oil in large quantities and is an oil well. The producing qualities

are such as to make it of great value. Said oil well, last aforesaid, so drilled is located within three hundred feet of the line of the real estate first herein described and set forth and the lease of the said Cahill and Benedum, first herein alleged, at once, on the drilling of said well became and is of great value.

"(6) That on the 13th day of January, 1910, at 2:45 o'clock p. m., of said day, said lease so made and entered into between the said Cahill and said Benedum, and the said Thornburgh, was filed with the register of deeds of Okmulgee county, Okla., and was by him duly recorded in Book M 13A, at page 19, of the records in his office.

"(7) That said Wright Thornburgh, on or about the 24th day of February, 1911, after said lease had been so filed for record and recorded, and after said Cahill and Benedum had, after such great expense and trouble, drilled said first well, and had further paid out and expended large sums of money and had further employed a great deal of time and labor in developing their first lease herein by drilling said second oil well, thus making said first lease of exceeding great value, made, executed, acknowledged, and delivered a second oil and gas lease on the real estate first herein described to the defendant, the Pine Creek Oil Company, which was and is a domestic corporation, having its place of business in Okmulgee, Okla., and while the said Cahill and the said Benedum were in the possession of said real estate, said defendants, by force and arms and with violence took possession of said real estate, and it has, by force and arms, been holding possession thereof ever since, although at the time it took possession of said real estate it was notified by said Cahill and Benedum of the rights of the latter therein.

"(8) That immediately after so taking possession of said real estate, defendant began the drilling of an oil well thereon, and plaintiffs are informed and believe, and from such information and belief allege the fact to be, that said defendant, by said well so drilled by it on said land, has found oil thereon in paying quantities, and which said well is producing large quantities of oil.

"(9) That on the 21st day of March, 1911, the said S. D. Cahill and O. H. Benedum, by an agreement in writing, a copy of which is hereto attached, marked 'Exhibit B,' executed, acknowledged, and delivered did grant, bargain, sell, transfer, and assign unto each of the said W. E. Reynolds and G. B. Harmon an undivided one-fourth interest in and to the oil and gas lease first herein described and alleged, paying therefor and receiving the consideration of one dollar and other valuable considerations.

"(10)   That at the time of the making of the lease first herein described, and ever since, said lease was in full force and effect, and plaintiffs have at all times since performed each and every condition therein upon their part to be done and performed. Said second lease so made and delivered to the defendant is null and void and of no effect and is a cloud upon plaintiff's title to said land and the lease so made and assigned as aforesaid. Said defendant is about to and will, unless restrained from so doing by the court, drill other and further oil wells on said real estate to the further injury and detriment of plaintiffs.   Defendant had, at all times during the occurrences alleged and set forth above herein, knowledge of plaintiff's rights in and to said lease and said real estate.   A receiver herein is necessary to take charge of and protect said oil so produced, pending this suit."

The defendant, the Pine Creek Oil Company, moved to strike out of the petition the following:

"That part of paragraph 4 of said petition contained in the following sentence, to wit: 'The drilling of said well cost the said Cahill and Benedum the sum of seven thousand dollars.'   Also, all that part of the petition contained in paragraph 5 thereof. Also, all that portion of paragraph 7 of said petition contained in the following words, to wit: 'After said Cahill and Benedum had after such great expense and trouble drilled said first well, and had further paid out and expended large sums of money, and had further employed a great deal of time and labor in developing their first lease herein by drilling said second oil well, thus making said first lease of exceeding great value.' "

The court sustained said motion to strike, and held that the petition did not state a cause of action.

In pleading the performance of conditions precedent in a contract, it is sufficient to state in substance that the party duly performed all the conditions on his part.   *National Drill & Mfg. Co. v. Davis,* 29 Okla. 625, 120 Pac. 976; *Western Reciprocal Exchange v. Coon,* 38 Okla. 453, 134 Pac. 22; section 4773, Revised Laws of Oklahoma 1910.

The allegations in paragraph 10 were tantamount to averring that the plaintiffs had used due diligence in the completion of said development undertaken by said contract.   As to whether the sinking of the well on the adjacent tract proved or established the fact that the parties had made diligent search and operation in order to discover oil under the terms of said con-

tract is a question of fact to be determined in the light of all the circumstances concerning the property and the prosecution of the work under the lease. *Heene v. South Penn Oil Co.,* 52 W. Va. 192, 43 S. E. 147.

The question of forfeiture is a question of fact to be determined just as any other fact, and the purpose for which the Pine Creek Oil Company leased the contiguous tract and sunk a well within 300 feet of the Thornburgh tract, if with a view of determining whether there was oil under the Thornburgh tract, and if there were such indications to again sink another well on said tract, these were matters to be considered in determining as to whether proper diligence was had. These facts could have been proved under the allegations of the petition after the motion to strike had been sustained.

The petition, under the provision of our Code, should state the facts constituting the cause of action in ordinary and concise language, without repetition. Section 4737, Rev. Laws 1910. It is not good practice to plead the evidence, and it was not error to sustain the motion to strike; but it was error to enter judgment in favor of the defendants on plaintiffs' petition, for, after the motion to strike was sustained, the petition still stated a cause of action. The defendants should have been required to answer within a designated time, and after issue was joined to determine whether the said Cahill and Benedum and their associates had in good faith exercised diligence in the development of said land for oil and gas.

The cause is reversed and remanded, with instructions to set aside the judgment and grant a new trial and proceed in accordance with this opinion.

All the Justices concur.