BELKY et al. v. TERRELL et al.

No. 12320—Opinion Filed Oct. 30, 1923.

1. Deeds—Validity—Insufficiency of Delivery.

Where a deed is made without consideration, and placed by the grantor upon record, and after the deed is recorded it is returned to the grantor and never delivered to the grantee or any one for him, and the intention of the grantor in making the deed was not to pass title to the grantee, but to place the property where it could not be reached for a legal liability of the grantor, and the possession of the property continuously remained in the grantor, there was not such a delivery of the deed as is neces-

sary to convey title thereby to the grantee, and such grantee is not entitled to recover such property of the grantor.

**2. Same.**

A deed does not take effect or operate to pass title until it is delivered.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action of J. G. Terrell and Lela Terrell against A. G. Ford, George R. Belky, and Hattie Belky. Judgment for plaintiffs, and defendants bring error. Reversed.

S. H. Lattimore and J. W. Cosgrove, for plaintiffs in error.

Stone, Moon & Stewart and Gibson & Hull, for defendants in error.

Opinion by FOSTER, C. This action was commenced in the superior court of Muskogee county, Okla., on the 28th day of May, 1920, by J. G. Terrell and Lela Terrell, his wife, defendants in error, plaintiffs below, against George R. Belky and A. G. Ford, plaintiffs in error, defendants below, to recover the west half of lot nine and the north half of the west half of lot eight, in block 436, in the city of Muskogee, Okla., and to cancel a deed thereto as a cloud on the title. From a judgment in favor of defendants in error, the plaintiffs in error appeal, making one Hattie Belky, a codefendant in the court below, a defendant in error because she had not joined in the appeal.. The parties will be hereinafter referred to as they appeared in the court below.

The plaintiffs claim title by virtue of a deed executed on June 25, 1914, by defendants George R. Belky and Hattie Belky, at that time his wife. The petition of the plaintiffs further alleged that on May 31, 1916, they had executed a deed which was void and inoperative as a conveyance of the title because it had been wrongfully extracted from their possession by the defendant George R. Belky, the name of A. G. Ford inserted as grantee, and placed of record without their knowledge or consent, and that said deed was therefore void, and prayed a cancellation thereof, and for possession of the property. and damages in the sum of $2,500.

The answer of the defendants admitted ownership of the premises by George R. Belky on June 25, 1914, but denied that the deed of George R. Belky and Hattie Belky, his wife of that date, operated to convey the title to the plaintiffs, for the reason that said deed was executed without consideration and had not been delivered. That at the time of the execution of said deed, the defendant Belky, hearing that he might be held personally liable in a contingent damage suit, and for the sole purpose of placing said property beyond the reach of the damage claimant, executed said deed, naming J. G. Terrell as grantee; that said deed had never been delivered to or at any time been in the possession of Terrell, but was filed for record by the defendant Belky at his expense, returned to him after record, and at all times remained in his possession; that possession of the property described in the deed remained in the defendant and under his exclusive control, and that he had at all times thereafter collected the rents and profits, paid the taxes, and in the year of 1918 or 1919 paid off a mortgage covering said property in the sum of $2,250.

The defendants admitted the execution on May 31, 1916, of a deed by plaintiffs, but denied that said deed was invalid on account of having been wrongfully extracted from plaintiffs and placed of record, and claimed that said deed operated to convey and did convey the full title in said premises to the defendant A. G. Ford.

There were other allegations in the answer setting up an estoppel which have no material bearing upon the issues, and which it is therefore unnecessary to set out in detail.

A jury was waived and the cause tried to the court, which made a general finding in favor of the plaintiffs upon all of the issues involved, and judgment was accordingly entered on January 24, 1921, for the possession of said property and for the cancellation of the deed of May 31, 1916, subject to a lien in favor of the defendant George R. Belky in the sum of $1,318.31. From the judgment so rendered and from the order of the trial court overruling their motion for a new trial, the defendants appeal and assign the following errors:

First. The court erred in overruling the motion of defendant George R. Belky for a new trial.

Second. The court erred in overruling the motion of George R. Belky for judgment in his favor upon all the evidence.

Third. The court erred in that the judgment and decree of the court was not supported by the evidence and was contrary to the same.

Fourth. The court erred in holding that defendant George R. Belky had ever conveyed the property involved to the plaintiff J. G. Terrell.

Fifth. The court erred in holding invalid the deed of plaintiffs J. G. Terrell and Lela Terrell, to A. G. Ford.

Sixth. The court erred in excluding competent, material, and proper evidence offered by the defendant.

In the brief of the defendants three propositions are relied upon and discussed as grounds for reversal, namely:

First. That under the undisputed evidence no delivery of the deed from George R. Belky and Hattie Belky to J. G. Terrell had been shown.

Second. That the court erred in holding invalid the deed of May 31, 1916, by J. G. Terrell and Lena Terrell to A. G. Ford.

Third. That the court erred in excluding certain competent, material and proper testimony offered by defendants.

It is apparent at a glance that if the first proposition relied upon by the defendants can be sustained, it will be decisive of the case and no attention need be given the second and third propositions.

The material evidence discloses that the defendant George R. Belky was the owner of the property on June 25, 1914; that he feared that the same would be seized to satisfy the claim of a certain damage claimant, and that for the sole and only purpose of placing the record title in the name of another and thereby preventing said property from being seized, he, together with Hattie Belky, then his wife, executed and recorded a deed in which the plaintiff J. G. Terrell was named as grantee; that the deed was filed for record by Belky, returned to him and remained in his possession; that the possession of the property by Belky was in no manner interrupted by the transfer. he continuing as theretofore to collect rents and profits, payl the taxes, interest on mortgage indebtedness against the property, and finally in the year 1919. paying off a mortgage indebtedness of $2,250; that Terrell had never been in possession, either of the property or the deed, and had never exercised any of the rights of ownership in said property.

It is our judgment that these facts bring the case squarely within the rule laid down by our Supreme Court in the case of King v. Antrim Lumber Company, 70 Oklahoma, 172 Pac. 958, 4 A. L. R. 21.

It is true that in the King Case, supra, the deed was executed to a minor, but we are unable to find from an examination of the authorities, upon which our Supreme Court in the King Case based its ruling, any foundation for making a distinction between cases where the deed is executed to a minor and cases where the deed is executed to an adult. The governing principle in all of the cases is the intention of the grantor. McClintick v. Ellis, 87 Okla. 75, 209 Pac. 403; Beckett v. Heston, 49 N. J. Eq. 510, 23 Atl. 1014; Barnes v. Barnes, 161 Mass. 381, 37 N. E. 379; Masterson et al. v. Cheek et al., 23 Ill. 72; Weber et al. v. Christen, 121 Ill. 91, 11 N. E. 893; Kirby et al. v. Kirby et al., 236 Ill. 255, 86 N. E. 259; Loring v. Grummon et al., 176 Ala. 236, 57 South. 818; McGuire v. Clark et al., 85 Neb. 102, 122 N. W. 675, 23 L. R. A. (N. S.) 873; Bray v. Bray, 132 Ark. 438, 201 S. W. 281; Hogadone v. Insurance Co., 133 Mich. 339, 94 N. W. 1045; McGraw v. McGraw et al., 79 Me. 257, 9 Atl. 846; Davis et al. v. Davis et al. (Ark.) 218 S. W. 827. If the intention of the grantor as disclosed by his acts or declarations and the circumstances surrounding the execution of the deed are such as to clearly indicate an intention on his part merely to change the name of the record owner, for the purpose of misleading creditors, and without any intention to pass the ownership of the actual title, it can make no difference whether the deed is executed to a minor or an adult. Nor can the understanding of the grantor that he is to receive a reconveyance of the property in a certain contingency be given any controlling weight where it is apparent from all the facts and circumstances in the case that it was the grantor's intention merely to cloud the record title and not to pass the actual title.

In the King Case, supra, our court said in the second paragraph of the syllabus:

"Where a deed is made without consideration to an infant of tender years not of kin to the grantor, and placed by the grantor upon record, and after the deed is recorded it is returned to the grantor and never delivered to the grantee or anyone for her, and the intention of the grantor in making the deed was not to pass title to the grantee, but to place the property where it could not be reached for a legal liability of the grantor, and the possession of the property continuously remained in the grantor, there was not such a delivery of the deed as necessary to convey title thereby to the grantee, and such infant is not entitled to recover such property of such grantor."

An examination of the King Case discloses that in circumstances similar to the case at bar, the Supreme Court held as a matter of law that there had been no delivery of the deed.

It is insisted by counsel for plaintiffs, however, that in the instant case the non-delivery of the deed was disputed; that the defendant Belky's own evidence at least tended to show that it was his intention in the deed which he executed to the plaintiffs to convey the actual legal title, and that therefore the delivery of the deed for record operated as a delivery to the grantee. An examination of Belky's testimony, however. fails to convince us that such was his intention. Nor do we agree with counsel that there was anything said by him in his testimony from which the court could reasonably or logically draw an inference that he intended to convey to Terrell the actual legal title. It is true that in answer to a question propounded by the court, he testified that he meant to pass the legal title to Terrell upon a promise from Terrell to reconvey the property to him.

It must be borne in mind that Belky was a lay witness and could not be expected to observe in his testimony a legal distinction between a conveyance of. the record title and a conveyance of the actual title, and in view of clear and explicit testimony from him that the conveyance was intended merely to mislead certain creditors and for no other purpose, can have little evidentiary value. It certainly cannot be accepted as evidence of an intention on his part to convey the actual legal title to Terrell. Neither can the ex parte testimony of Terrell, himself, that he accepted the title from Belky. after the deed had been recorded, throw any light upon the question of the intention of Belky in the execution of the deed.

As before pointed out. we see nothing in the expectation of Belky that he should receive a reconveyance of the title inconsistent with an intention simply to change the record title. Necessarily Belky was entitled to a reconveyance of the naked record title when the danger had passed. We are therefore unable to agree with plaintiffs that the finding of the trial court was based upon conflicting evidence, and therefore binding upon the Supreme Court.

It can serve no useful purpose here to review the authorities at length upon the question of the presumption of delivery of a deed arising from the registration thereof by the grantor. The authorities are ably collected and commented upon by the court in the case of King v. Antrim Lumber Company, to which we have already referred. The great weight of authority appears to be that the recording of a deed by a grantor is not such a delivery as would pass the title to the grantee unless it was the intention of the grantor that such recording was to operate as a delivery. Where, as here, it is shown that the recording of the deed was not for the purpose of making delivery thereof to the grantee, but for the purpose only of clouding the record title, we are obliged to hold, as did the court in the case of King v. Antrim Lumber Company, that there was not such a delivery of the deed as is necessary to convey the title to the grantee.

The defendants are here asking no affirmative relief, and in these circumstances a reversal of the case for the reasons stated can do no violence to the rule that equity will refuse aid to those with unclean hands.

No delivery of the deed from George R. Belky and Hattie Belky to plaintiffs being shown under the uncontroverted evidence in this case, it follows that the judgment of the trial court should be reversed, with directions to dismiss plaintiffs' petition.

By the Court: It is so ordered.