BAILEY v. LOVIN et al.

No. 33405.   Sept. 20, 1949.

*209 P. 2d 994.*

made by plaintiff Sarah Catherine Bailey to the defendants. Grounds alleged for the cancellation of the instruments were that plaintiff was mentally incompetent at the time she executed the instruments and delivered them to the defendants, and that the defendants exercised undue influence upon plaintiff to procure the execution and delivery of such instruments. Defendants answered by a general denial, and asserted title to the real and personal property so conveyed to them. The real property conveyed was the 80-acre homestead of plaintiff, and an additional 12-acre tract, and the personal property was the household furniture in her home. The trial court rendered judgment in favor of the defendant Mary Ann Lovin, quieting her title in the property as the sole owner, but subject to a life estate in Sarah Catherine Bailey, and providing further that the real property should not be sold or otherwise disposed of or encumbered during the lifetime of Sarah Catherine Bailey. The judgment was rendered on April 10, 1947, and plaintiff appealed therefrom to this court. After the rendition of the judgment, and pending this appeal, Sarah Catherine Bailey died on October 8, 1947, and the action was revived in the name of Ennis Bailey as administrator of her estate.

Plaintiff first contends that the trial court erred in overruling her motion for a continuance of the trial. The motion was made by her counsel on the ground of the illness of a material witness, counsel stating that because of such illness she could not attend the trial, and that he was unable to take her deposition. The oral application of counsel was treated as an affidavit for continuance, and was by the court denied. At the time this request for continuance was made, counsel for the defendants objected, stating that the trial of the case had theretofore been continued on three previous occasions at the request of plaintiff; that at all such times defendants were ready for trial, and were present with their witnesses, including Sarah Catherine Bailey, who was aged and infirm; that

John L. Goode and Mark Goode, both of Shawnee, for plaintiff in error.

William M. Cutlip, of Shawnee, for defendants in error.

LUTTRELL, J. This action was brought on March 23, 1946, by Sarah Catherine Bailey, by Ennis Bailey, guardian, against the defendants, Oswald Lovin and Mary Ann Lovin, to cancel two deeds to real estate and a bill of sale to certain personal property

when the last previous continuance had been granted, and the case reset for trial, counsel for plaintiff had assured the court and counsel for defendants that he would try the case, and that on each of these occasions when the case was set defendants had brought Mrs. Bailey a distance of some 25 miles so that she might appear personally in court and testify.

We have repeatedly held that a motion for continuance is addressed to the sound discretion of the trial court, and that the action of the trial court thereon will not be reversed unless an abuse of discretion is shown. Muskogee Electric Traction Co. v. Bolin, 105 Okla. 142, 232 P. 105; Hawkins v. Central Foundry Co., 174 Okla. 397, 50 P. 2d 685. In the last cited case we held that such discretion was not abused where it appeared that counsel seeking the continuance had twice previously procured a continuance of the trial. Furthermore in the instant case there is no sufficient showing that counsel could not with reasonable diligence have procured the testimony of the absent witness prior to the time she was taken to the hospital. We hold that no abuse of discretion is shown, and that the action of the trial court did not constitute reversible error.

On the merits, the decisive question presented is whether the judgment of the trial court is clearly against the weight of the evidence. This necessitates a brief review of the evidence. Therefrom it appears that on the date of the first conveyance made by Sarah Catherine Bailey to the defendants, on November 28, 1945, Sarah Catherine Bailey was 83 years of age. The defendant Mary Ann Lovin was her daughter, and Oswald Lovin was the husband of Mary Ann Lovin. Mrs. Bailey had several other daughters and one son, but for some six years previous to the execution of the first conveyance Mary Ann Lovin and her husband had lived with Mrs. Bailey on the farm and taken care of her, although she was, in spite of her advanced age, in good health and strength.

In March, 1946, in a proceeding instituted by some of her children, she was adjudged incompetent. Her son Ennis Bailey was appointed guardian of her estate, and her daughter, Mary Ann Lovin, guardian of her person. She owned a farm comprising approximately 200 acres, near Asher in Pottawatomie county, and the property deeded to the defendants was approximately 80 acres, which was her homestead. All of her other daughters lived some distance away. For the plaintiff three of the daughters testified to derogatory and disparaging statements about them, made to her mother by Mary Ann Lovin at various times, and to her frequent correction of the mother's statements of fact, and testified that at the time the deeds and bill of sale to the household furniture were executed, Mrs. Bailey was mentally incompetent to transact her business. The son, Ennis Bailey, testified to the same effect. No disinterested witness was produced by plaintiff to testify either to mental incompetency or undue influence. To meet this proof defendants produced the testimony of four physicians who had examined Mrs. Bailey subsequent to the date of the execution of the deeds, and after she had been declared incompetent, all of whom testified that she was in good physical condition for a woman of her age, and that in their opinion she was then mentally competent to transact her business. In addition to this evidence it appears that at the time she made the first deed and the bill of sale to the furniture, Mrs. Lovin and her husband took her to the offices of Mr. Cutlip in Shawnee, and that before he permitted her to execute these instruments Mr. Cutlip examined her privately and had his secretary take down her answers to his questions. On this examination she stated that she desired to make the deed and bill of sale to the defendants for the reason that they had looked after her for four or five years, and that Mary Ann had taken care of her as a daughter should care for her mother; that she wished to convey only the surface of the land

to them; that this was to compensate her daughter for past services, and upon the condition that her daughter would continue to live with her and continue to care for her the rest of her life. It further appears that upon being advised of this condition the defendants agreed to continue to live with her and care for her during the remainder of her life, and thereupon she executed the deed and bill of sale to them. Subsequently, on December 19, 1945, she deeded them the surface to an additional 12 acres of land, stating that she wished them to have all the land on the west side of the creek that ran through her property. From her answers to the questions asked her by Mr. Cutlip at this examination, it clearly appears that she understood what she was doing, and that in taking such action she was not influenced by any animosity or ill-feeling toward her other children, or by any representations made by defendants, but was motivated solely by the desire to induce the defendants to continue to live with her and care for her. At some time, apparently after the filing of this action, she stated to the defendants that it was her intention that her daughter, Mary Ann Lovin, should have the title to the property conveyed, and that the defendant Oswald Lovin, should have no interest therein. Thereupon Oswald Lovin quit-claimed all his right, title and interest in the property to his wife, and filed his disclaimer in the action.

The defendants produced Mrs. Bailey as a witness at the trial of the case, at which time she was nearly 85 years of age. At this time she remembered the names of her eight children, the date of her husband's death, and the ages of most of her children. She testified that she voluntarily conveyed the surface of her property to Mary Ann Lovin; that neither Mary Ann nor Oswald talked to her about it; that it was her own idea, and that at the time the first conveyance was made she remembered that the lawyer had examined her privately, and that she stated that she was giving her daughter the land upon the condition that the daughter would take care of her, feed and clothe her, pay her doctor bills and bear her funeral expenses. On cross-examination she repeatedly stated that her daughter had offered to deed the land back to her; that she made the deeds of her own free will and accord, so that her daughter would stay with her and care for her, and that she did not want her daughter to deed the property back to her. She was examined at some length by the attorneys for both sides, and from her testimony it unquestionably appears that at the time she made the conveyances she was not mentally incompetent, but was fully cognizant of the nature and effect of her act, and that the making of the conveyances was done of her own free will, and was not due to undue influence on the part of defendants.

In Canfield v. Canfield, 167 Okla. 595, 31 P. 2d 149, and again in Antle v. Hartman, 193 Okla. 524, 145 P. 2d 756, we said:

"The test of capacity to make a deed or conveyance is that the grantor shall have the ability to understand the nature and effect of the act at the time the conveyance is made."

And in Cotcha v. Ferguson, 165 Okla. 295, 25 P. 2d 767, and in Melton v. Melton, 192 Okla. 285, 135 P. 2d 43, we said:

"To set aside any transaction on the ground of undue influence, it must be shown, not only that such influence existed and that it was exercised, but also that it was exercised effectively; that is, that it was the efficient cause in bringing about the transaction complained of."

When the rules of law announced in the above authorities are applied to the testimony as above stated, it is apparent that the judgment of the trial court was not clearly against the weight of the evidence.

Plaintiff also complains of the action of the trial court in refusing to cancel the deed as to the defendant Oswald Lovin, and in granting a life estate in the property to plaintiff. We

think these contentions are without merit. From the evidence it clearly appears that Sarah Catherine Bailey desired and intended to convey to her daughter, Mary Ann Lovin, the lands involved. As stated, Oswald Lovin had prior to the trial conveyed whatever interest he acquired in the land to Mary Ann Lovin. It is not contended that Mary Ann Lovin had failed in any way to perform her agreement to live with and care for her mother. If there was any error in the action of the court complained of in this respect, it was not prejudicial to plaintiff.

Judgment affirmed.