## CROSS v. GRANT.

No. 33937.   Dec. 26, 1950.

Rehearing Denied Jan. 30, 1951.

*226 P. 2d 963.*

Hal Welch, Hugo, for plaintiff in error.

Geo. T. Arnett, Idabel, and Vester Songer, Hugo, for defendant in error.

ARNOLD, V. C. J.   This action was commenced in the district court of Choctaw county October 25, 1946, to cancel a certain deed executed by Cleora G. Oakes to S. E. Grant covering 66 acres of land particularly de-

scribed. This deed was executed May 9, 1946, and recited a consideration of $1 and other good and valuable considerations. In substance it is alleged in plaintiff's petition that the grantor in said deed was an elderly woman in poor health and that the defendant is her brother in whom she reposed trust and confidence in her affairs and that it was by reason of the trust and confidence which she reposed in him he persuaded her to execute and deliver to him the deed involved. Her mental incompetency at the time of the execution of the deed is alleged.

Defendant answered by general denial and specifically denied that at the execution of said deed Cleora G. Oakes was mentally incompetent to understand the nature and effect of her acts and specifically denied that her execution of the deed was brought about by any undue influence on his part, and alleged that he gave a fair consideration for the land involved, and that the transaction was had at her instance and request for the reason that she was on the old age assistance rolls and could not keep her place on said rolls and own the land; that there was an indebtedness of $1,100 due on the land to the School Land Department of the State of Oklahoma which was past due and foreclosure thereon threatened; that he assumed the payment of said indebtedness and delinquent taxes then against the land and agreed to pay her in addition thereto the sum of $200, but that no note was executed representing this amount for the reason that it would affect her standing as a recipient of old age assistance.

Judgment was entered by the trial court in favor of defendant denying cancellation of said deed and quieting defendant's title to the land.

There are only two questions presented for consideration by this court: (1) whether the consideration paid or agreed to be paid for the land was fair and reasonable; (2) whether the deed was executed at a time when the grantor was mentally competent, that is,

knew and realized the nature and effect of her acts.

On the question of value the testimony was adduced largely from friends and neighbors of the parties who were acquainted with land values in the vicinity of this land and who were qualified and competent to testify as to its value. There is very little variance in the testimony of the witnesses to the fact that this land was badly eroded and its fertility greatly reduced, having been in cultivation since about 1903. The highest value placed upon the land by any witness was $25 per acre, while a number of witnesses testified that $20 per acre would be a good price for it. The delinquent loan of the School Land Department, plus the delinquent taxes and the $200 which defendant admits he owes in addition, represents a value in excess of $20 per acre which he paid or agreed to pay for the land. On the question of fair consideration the judgment of the trial court is not clearly against the weight of the evidence.

The testimony on which plaintiff largely depends to establish mental incapacity of Cleora G. Oakes at the time she executed the deed in question is given by Ruby Oakes, the wife of Jim Oakes, who is a son of Cleora G. Oakes. In her testimony she relates an occasion in 1944 when Mrs. Oakes had some kind of an attack while at her home which rendered her unconscious for a time and she was confined to her bed on the doctor's orders for two weeks. Two physicians prescribed for her on this occasion but the nature of the attack which she suffered at that time is not disclosed by either of these physicians. She relates another occasion on Easter Sunday, in 1946, when there was a big dinner at the old home place and the Easter repast was brought and served her in the house instead of in the yard where the festivities were being held. The testimony of Ruby Oakes on which she based her conclusion that Cleora G. Oakes was mentally incompetent in May of 1946 is her condition on each

of these occasions at the time of and subsequent to the illness which she suffered.

Other witnesses who reached the same conclusion in their testimony are relatives by blood or marriage of Cleora G. Oakes and base their conclusions upon uncertainties which she exhibited in recognizing and remembering the names of persons closely related to her.

Mrs. Sue Delph, a sister of Cleora G. Oakes, and Mrs. Nita Grant, another sister, who had been closely associated with her during the latter years of her life, both testified that while she was in feeble health, her mental condition was good. A letter written by Cleora G. Oakes to Mrs. Nita Grant on March 1, 1946, and introduced in evidence, shows that she had an alert and active mind and was interested in business matters and in the affairs of her relatives and neighbors. The husband of Mrs. Delph also testified to her mental condition as being good, although physically she was enfeebled by old age. Mr. Blakely, the notary public who prepared the deed and took her acknowledgment, testified that he had known Mrs. Oakes for 25 years; that he had prepared papers for her frequently during that time; that she was a woman of good business ability; and that at the time of the execution of this deed her mental condition was normal. Ruth B. Ellis, who was an investigator for the Old Age Assistance Bureau, testified to having talked with Mrs. Oakes in August of 1946, and that her condition then was much better than it was in 1947, when she again had occasion to visit and talk with her.

We cannot say as a matter of law that the judgment of the trial court was clearly against the weight of the evidence. Carroll v. Risner, Guardian, 201 Okla. 314, 205 P. 2d 282; Schatz v. Wintersteen, 201 Okla. 660, 208 P. 2d 1136; Bailey v. Loving, 202 Okla. 17, 209 P. 2d 994.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.