Thomas J. CLARK, Plaintiff in Error,

v.

Averill STOWELL, Defendant in Error.

No. 37498.

Supreme Court of Oklahoma.

June 25, 1957.

Rehearing Denied Sept. 10, 1957.

Thomas J. Clark, pro se.

Rucker, Tabor & Cox, Truman B. Rucker, Robert L. Shepherd, Tulsa, for defendant in error.

CARLILE, Justice.

This is an action brought by Thomas J. Clark against Doctor Averill Stowell to recover personal injury damages because of alleged improper treatment administered to plaintiff by the doctor while in the hospital for treatment for an injury sustained by him in the year 1952.

In his petition plaintiff alleged that on the 24th day of July, 1952 he was placed in a hospital by defendant for treatment. The doctor, in treating him, gave him a myelographic spinal test which test consists of injecting into the spinal column a colored fluid of some character so that an x-ray will reflect a complete and accurate picture of the spinal column. He further alleged that this injection was given him without his knowledge and consent; that in giving such treatment his spinal column was punctured; that the injection given him was improper and negligently given in violation of the duty which a physician owes to his patient; that as a result of such treatment he became violently ill. He vomited violently. He suffered severe pain in his back, neck, head and arms and still continues to have such pain; that since said time he has been treated by various doctors for such condition without beneficial results, and by reason thereof has been unable to do any kind of work except for a short while at a time and such condition still exists. He prays judgment against defendant for $75,000.

Defendant defended on the theory that on the 8th day of July, 1952 plaintiff, while a passenger in a car owned and driven by a third party, sustained an accidental injury when the car driven by said third party collided with a train operated by the Kansas, Oklahoma and Gulf Railway Company, and that plaintiff's present condition is due solely to that injury and not to any treatment administered to him by defendant. Defendant, in his answer, admitted that he gave plaintiff the myelographic test, as alleged, but denied that such treatment was an improper treatment, and alleged that it was such test as is usually given by doctors under similar circumstances. Defendant, in his answer, further alleged that plaintiff's cause of action is based on assault committed upon him by defendant when defendant gave him the myelographic test without his knowledge and consent; that plaintiff's action was not commenced within one year after the assault occurred and is, therefore, barred by limitation. 12 O.S.1951 § 95, subd. 4.

On the morning the case was set for trial a jury was impaneled and sworn, opening statements of counsel were made and plaintiff then requested that the taking of testimony be postponed until 1:30 in the afternoon. The request was granted.

Trial was resumed at the hour above stated, whereupon plaintiff was called as a witness and testified in his own behalf in substance, as follows: On the 18th day of July, 1952 he was involved in an automobile accident while riding as a passenger in an automobile driven by a third party. The accident occurred when the automobile driven by such third party collided with a train operated by the Oklahoma, Kansas and Gulf Railway Company. He was taken in to a hospital in Tulsa, Oklahoma and was there treated by defendant herein, Dr. Stowell; that without his (plaintiff's) knowledge or consent the doctor gave him a myelographic test, which had the effect upon him as alleged in his petition; that since said test he has continuously suffered pain, as alleged in his petition, and has not been able to work regularly, and said condition still exists. Several other witnesses were called by plaintiff and testified in the case. Their evidence, however, has no bearing on any of the issues involved in this case, and we deem it unnecessary to discuss their testimony. Plaintiff then offered the testimony of Dr. N, who testified that he saw and examined plaintiff several times during the year 1952. Plaintiff then complained of severe pains in his neck, back and arms. He gave some treatments to him to ease the pain. He did not know the cause of his trouble. He sent plaintiff to Dr. F, and later to Dr. U, for the purpose of examination, in order to ascertain the cause of his condition. He received several reports from the doctors, but received no report in which the doctors gave him any definite information as to the cause of plaintiff's condition, and he is still unable to locate the cause thereof.

Dr. F was subpoenaed by plaintiff as a witness in the case but he was not called upon to testify.

After plaintiff had offered the above testimony he stated to the court that he could not then proceed further because of an absent witness, Dr. Walden. He was present until 1:30 in the afternoon, at which time counsel was informed by the doctor's wife that he left for Bristow on an emergency call arising out of an automobile accident, and that in the absence of Dr. Walden he was unable to prove facts sufficient to authorize a recovery, and asked the court to continue the case until 9:30 the next morning in order that he might procure the evidence of the doctor. The court stated that since the doctor was available as a witness that morning plaintiff should have used him instead of requesting that the taking of testimony be postponed until 1:30 in the afternoon; and after further stating that the case had been delayed numerous times at plaintiff's request, and that plaintiff on several occasions had been granted continuances in order to procure his evidence, he would not grant any further continuances.

Plaintiff then requested the court for time to prepare a motion for continuance, which was granted, and thereafter, by agreement of counsel that the motion might be dictated into the record, the following motion for continuance was dictated into the record by counsel for plaintiff:

"Comes now the plaintiff in this case and respectfully moves the Court ·to continue this cause until tomorrow morning at 9:30 o'clock for the reason that a very material witness is absent from the court, who is an expert witness, on account of the fact that he was called upon an emergency matter and plaintiff did not know until 1:30 that he would not be here when he called.

"Plaintiff would respectfully show in support of said motion that said witness is under subpoena, the witness is Dr. Dewey Walden, and a man who has treated this man on various occasions before and since this cause of action arose, and has been for a number of years the family physician and surgeon of the Clarks; that this plaintiff was dependent upon him and expected him to be here and is unable to proceed to trial—proceed with this trial without his testimony."

The motion was denied and plaintiff was directed to proceed with the case. Counsel then stated that plaintiff had no further testimony to offer and that in the absence of the evidence of Dr. Walden he was unable to make a case, and stated that under the ruling of the court he was compelled to rest. Whereupon counsel for defendant demurred to the evidence upon the ground, among others, that it was insufficient to authorize recovery by plaintiff. The demurrer was sustained and judgment entered in favor of defendant.

Plaintiff appeals and relies mainly for reversal on the alleged error of the court in overruling his motion for continuance.

Counsel for defendant, in his brief, asserts that the record shows the ·following facts: The case was originally filed in March, 1954. It was set for trial several times and postponed at the request of plaintiff. It was again set for trial April 7, 1955. It was set for trial several times thereafter and passed at the request of plaintiff. On the 7th day of April, 1955, when the case was again set for trial, plaintiff dismissed his action without prejudice. The action was refiled in June, 1955. The second cause had been set for trial twice and passed at plaintiff's request. The case was again set for trial on April 5, 1956, but was continued until April 11, 1956, at the request of plaintiff, at which time the case was called for trial, as above stated.

Plaintiff, in his statement to the court and motion for continuance, stated that Dr. Walden was under subpoena to appear as a witness in the case the day it was set for trial. There is no doubt that the statement was made in good faith and that plaintiff believed that the doctor was subpoenaed. The record, however, shows the contrary. It shows that on the 4th day of April, 1956 a subpoena was issued for Dr. Walden commanding him to appear as

a witness to testify in the trial of this case, then set for the 5th day of April, 1956. This subpoena was not served on the doctor, but was returned by the sheriff "Dr. D. H. Walden not found". The record further shows that a second subpoena was issued for the doctor on April 10, 1956, commanding him to appear as a witness to testify in the above case on the 11th day of April, 1956. This subpoena was also returned by the sheriff "I cannot find the within named Dr. Dewey Walden". It thus appears from the record that Dr. Walden has never been subpoenaed to testify as a witness in the case. The trial court had this record before it, and had a right to consider the facts contained in the record in passing upon plaintiff's motion for continuance, and after due consideration concluded to deny the motion. We cannot say, under all the facts and circumstances of the case, that the court abused its discretion in so doing. We have many times held as stated in Bailey v. Lovin, 202 Okl. 17, 209 P.2d 994:

> "The granting or refusing of a continuance is within the sound discretion of the trial court, and refusal to grant a continuance does not constitute reversible error unless an abuse of discretion is shown."

Moreover, the motion for continuance does not state any facts to which Dr. Walden would have testified had he been present, as provided by 12 O.S.1951 § 668, and is therefore insufficient to authorize the granting of a continuance. Terrapin v. Barker, 26 Okl. 93, 109 P. 931; Schuman's, Inc., v. Missy Dress Co., 172 Okl. 211, 44 P.2d 862.

Plaintiff, in his brief, further contends that the court erred in sustaining defendant's demurrer to the evidence. Plaintiff offered no evidence tending to show that the fluid injected into plaintiff's spine was improper treatment, or that the doctor was in any manner guilty of negligence in administering said treatment, nor is there any evidence tending to show that the injection of the fluid into his spinal column is the cause of plaintiff's present condition and disability and, therefore, wholly insufficient upon which to submit the case to the jury.

The trial court ruled correctly in sustaining defendant's demurrer to plaintiff's evidence and in entering judgment in favor of defendant. The view taken renders it unnecessary to pass upon the question of limitation presented by defendant.

Judgment affirmed.

CORN, V. C. J., and DAVISON, HALLEY and JACKSON, JJ., concur.

WELCH, C. J., and JOHNSON, WILLIAMS and BLACKBIRD, JJ., dissent.