Betty L. JONES, Janet Venturella, Norma L. Gorman and Rose Novotny, Guardian of the Person and Estate of Millard Edward Novotny, a minor, Plaintiffs in Error,

v.

Amos V. NOVOTNY, Defendant in Error.

No. 38321.

Supreme Court of Oklahoma.

May 3, 1960.

Rehearing Denied June 7, 1960.

John F. Eberle and Richard J. Spooner, Oklahoma City, for plaintiffs in error.

Merson & Campbell, Oklahoma City, for defendant in error.

WELCH, Justice.

This cause is before us on two separate appeals, however, by stipulation and order they have been consolidated.

Plaintiffs have presented their argument for reversal under nine separate propositions.

First, they contend that the trial court erred in striking paragraph No. 6 from the petition. This paragraph pleaded facts showing that the decedent was incompetent to execute said deeds and conveyances, and facts which showed the intentions of decedent in making disposition of her property.

Upon examination of the petition we find allegations elsewhere therein which are very similar to those in paragraph No. 6, and the record reveals that plaintiffs were permitted to offer testimony on the issues presented in paragraph No. 6. The plaintiffs have not shown where they were prejudiced by the striking of this paragraph, and upon examination of the record we have been unable to discover any prejudice.

It is not proper practice to plead the evidence as was done in the said paragraph, and a motion to strike out the evidence when pleaded, is addressed to the sound discretion of the trial court and its action thereon will not be disturbed or reviewed in the appellate court in the absence of prejudice. Cahill v. Pine Creek Oil Co., 40 Okl. 176, 136 P. 1100, and Renegar v. Fleming, 202 Okl. 197, 211 P.2d 272.

Second: Plaintiffs contend that court erred in refusing to admit evidence and testimony as to the physical condition of decedent by certain witnesses and by hospital records showing blood chemistry and analysis. The record reveals that this

evidence was shown by other competent witnesses except as to the records themselves. Therefore, we fail to see where such refusal as complained of was prejudicial.

■ In a case tried to the court where complaint is made of rulings admitting and excluding evidence, the burden rests upon the party complaining to show prejudicial error. Mid West Insurance Co. of Enid v. Shrader, 99 Okl. 17, 225 P. 541; West Edmond Hunton Lime Unit v. Lillard, Okl., 265 P.2d 730, and City of Shawnee v. Bryant, Okl., 310 P.2d 754.

Since plaintiffs have failed to show prejudicial error in such ruling by the court, we must consider this contention without merit.

■ ·Third: It is contended by plaintiffs that trial court erred in ruling that the plaintiffs were barred by the provisions of Title 12, Sec. 384, O.S.1951, from offering evidence in behalf of the heirs at law of the decedent in respect to any transactions or communications had personally by plaintiffs or any of them with the decedent.

The case of Flesher v. Flesher, Okl., 258 P.2d 899, 900, is cited to support this argument. Therein the court held:

"The witness, Bush, was not an incompetent witness under 12 O.S.1951, § 384, the 'Dead Man's' statute as she was not a party to the action though concededly an heir of the deceased; neither were the executor nor the defendant incompetent witnesses as said statute prohibits testimony offered against the executor and not in behalf of the executor."

We do not find this case applicable to the question before us. Here we have the plaintiffs as heirs offered as witnesses to testify as to communications and transactions had between them and decedent regarding the effect of the deeds, the validity of which is questioned by these plaintiffs, and not on behalf of an executor.

In O'Neal v. Turner, 197 Okl. 527, 172 P.2d 1013, we held:

"A plaintiff, who claims an interest in land by inheritance from her deceased husband, and who sues the grantees of her husband to cancel deeds made by him, is an incompetent witness to testify concerning a conversation between herself and her husband regarding the effect of the deeds."

We are of the opinion this case is controlling as to the contention before us.

Fourth: Plaintiffs contend that the decision and judgment of the court are not sustained by sufficient evidence and are contrary to law.

Under this contention it is argued that delivery is essential to the validity of the deed. Belky v. Terrell, 93 Okl. 134, 219 P. 887, is cited as authority to support this argument. We do not agree that this case is in point since the deed referred to therein was executed to a person who was not related to grantor and conveyance was made to avoid legal liability of grantor.

■ Here we have deeds executed by the grantor to himself and her sole surviving son, "as joint tenants and not as tenants in common with full right of survivorship the whole estate to vest in the survivor in case of death of either."

In the case of Watkins v. McComber, 208 Okl. 352, 353, 256 P.2d 158, 159, we held:

"Record examined and held, that the instruments executed by Mrs. Cloonan, assigning, transferring and conveying the two savings and loan certificates, and the funds represented thereby, to plaintiff and herself as joint tenants, with rights of survivorship, vested the title and ownership of the funds in the association in Cloonan and plaintiff, and upon the death of Cloonan, the title to and the ownership of the funds was vested in plaintiff."

See, also, Barton v. Hooker, Okl., 283 P.2d 514.

Under the facts and circumstances herein the finding of the trial court is not clearly against the weight of the evidence.

Fifth: It is argued by plaintiffs that the trial court abused its discretion in overruling motion of plaintiffs for continuance presented on December 13, 1957.

The argument presented here is in the nature of an abstract statement or conclusion with citations without pointing out wherein an injustice or prejudice has resulted.

Clark v. Stowell, Okl., 315 P.2d 269, 272, is cited for authority to support such argument. In said case we held:

"The granting or refusing of a continuance is within the sound discretion of the trial court, and refusal to grant a continuance does not constitute reversible error unless an abuse of discretion is shown."

Since plaintiffs failed to point out any abuse of discretion in their argument, this assignment of error must be considered without merit.

Sixth: Plaintiffs argue that the court erred in overruling motion of plaintiff for a new trial when presented on December 13, 1957, for the reason that judgment is not supported by the evidence and is contrary to law.

In Roddy v. Roddy, Okl., 288 P.2d 1117, 1118, we held:

"Where the validity of a deed duly executed and recorded is challenged for want of consideration, undue influence, coercion, and fraud, one or more of such allegations must be established by satisfactory and convincing evidence by the party making such allegations before such deed can be held to be invalid."

In Tate v. Murphy, 202 Okl. 671, 217 P.2d 177, 179, 18 A.L.R.2d 892, we held:

"The incapacity to make a deed must ordinarily be established by a preponderance of the evidence or by clear, satisfactory and convincing evidence."

We also held in the above case:

"The test of mental capacity of a grantor to execute a valid deed is that he have the ability to understand the nature and effect of the act in which he is engaged and the business he is transacting; that is, that a deed when executed and delivered divests him of title to the land described in the deed, and vests title thereto in the grantee named in the deed."

The record reveals that the decedent called her attorney on April 22, 1956, and requested him to come to her home, at which time she discussed leaving her property to the defendant, either by will or giving it to him, he being her only surviving son. Upon the advice of this attorney joint tenancy deeds with right of survivorship were prepared and taken to her home by the attorney where she executed the same. At this time she also had her attorney to prepare necessary papers for her to change her bank account and Building and Loan stock over to joint tenancy accounts, all of which was completed on April 25, 1956; decedent inquired of the attorney when he visited her in the hospital on April 25, 1956, if he had filed the deeds of record.

We are of the opinion the evidence establishes that the transactions, and execution of the deeds, were carried out as directed by decedent and in accordance with her desire and intent; that they were her free and voluntary acts, free from fraud, overreaching, or tainting by the acts of the defendant. We do not find the judgment to be against the clear weight of the evidence herein, therefore said findings and judgment will not be disturbed by this court. Roddy v. Roddy, supra, and Watkins v. McComber, supra.

Seventh: It is argued by the plaintiffs that the trial court erred in denying plaintiffs the right to take depositions or offer evidence in support of their motions for a new trial.

The plaintiffs are not clear in their argument as to which motion for new trial they refer, whose depositions they desired to take or what said depositions would reveal, nor what evidence they wished to introduce. Neither do they show

any resulting injury as a result of the denial by the court complained of. Therefore this assignment of error does not justify a reversal. Wat Henry Pontiac, Inc. v. Pitcock, Okl., 301 P.2d 203.

██ Eighth: Plaintiffs contend that the trial court erred in sustaining demurrer of defendant to motion for new trial on the grounds of newly discovered evidence. It is apparent from the record that the motion for new trial is based upon the contention that deeds were not executed by decedent and an affidavit of a handwriting expert is attached to said motion.

The case of Chew v. Fouts, 191 Okl. 665, 132 P.2d 949, 950, involves a very similar situation as the one presented here. Therein the unsuccessful party who had endeavored to set aside deeds of conveyance on the same grounds as here, filed motion for new trial based on newly discovered evidence which was the same as here, based on opinion of a handwriting expert. In the Chew case we held that it was not an abuse of discretion for the trial court to deny said motion. The court said therein:

> "The seventh subdivision of section 398, O.S.1931, 12 Okla.Stat.Ann. § 651, subd. 7 permits a new trial for newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial. Section 401 O.S.1931, 12 Okla.Stat.Ann. § 654, requires that ground to be sustained by affidavit showing its truth. This requirement is not satisfied by an allegation that due diligence has been used; the affidavit must consist of material facts, not conclusions or argumentative matter. Dodson & Williams v. Parsons, 62 Okl. 298, 162 P. 1090. * * *"

The record before us reveals that the motion was lacking in form and substance.

We are of the opinion that the argument presented by plaintiffs under its proposition nine is fully answered in the preceding paragraph.

Since we are unable to find the judgment to be against the clear weight of the evidence, that the assignments of error show any resulting injury to the appellants, or that any of their constitutional or statutory rights were violated, the judgment of the trial court must be affirmed.

Affirmed.